1  Arnold J. Anchordoquy, Esq. – SBN 56449
   Stephen T. Clifford, Esq. – SBN 39020
2  Dennis P. Gallagher, Esq. – SBN 301453
   CLIFFORD & BROWN
3  A Professional Corporation
   Attorneys at Law
4  Bank of America Building
   1430 Truxtun Avenue, Suite 900
5  Bakersfield, CA 93301-5230
   Tel: (661) 322-6023      Fax: (661) 322-3508
6
   Attorneys for Defendants, Christman, Kelley &
7  Clarke, PC; Dugan Kelly; Matthew Clarke

8

9                 UNITED STATES DISTRICT COURT

10               EASTERN DISTRICT OF CALIFORNIA

11                          * * *

12 AMERICAN SAFETY SERVICES,        )  **Case No.:**
   INC., a California corporation,  )
13                                  )
             Plaintiff,             )
14                                  )
                                    )
15      vs.                         )  **PETITION FOR REMOVAL**
                                    )
16 MICHAEL    JOHNSON,    personal  )
   representative of the estate of LLOYD)
17 JOHNSON; CHRISTMAN, KELLEY       )
   AND    CLARKE,    a   Professional)
18 Corporation; MATHEW CLARKE, an   )
   individual;  DUGAN  KELLEY,  an  )
19 individual, and DOES 1 through 20,)
   inclusive                        )
20                                  )
             Defendants.            )
21 _____ )

22     TO THE COURT, ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

23        Defendants CHRISTMAN, KELLEY & CLARKE (the "Firm"), MATTHEW CLARKE,

24 and DUGAN KELLEY (the "Attorneys") (the Firm and the attorneys are collectively referred to as

25 "CKC"), by and through their counsel Clifford & Brown, P.C., hereby submit this Petition for

26 Removal to the above-captioned Court.

27 \\\

28 \\\

                              1

1    CKC requests this Court remove the matter of *American Safety Services, Inc. v. Michael*

2  *Johnson, et al.*, Case No. BCV-17-101982, Superior Court of California, County of Kern (the

3  "Superior Court Case"), from Kern County and into the above-captioned Court.

4    This Petition is made pursuant to 28 U.S.C. Sections 1441 and 1446 as well as *Federal*

5  *Rule of Civil Procedure*, Rule 11.

6    True and correct copies of all pleadings and rulings from the Superior Court Case through

7  the date of this Petition is attached hereto as Exhibit A.

8    There is a diversity of parties and none of the Defendants reside or have their principal

9  place of business in California. Plaintiff's Complaint in the Superior Court Case (the "Complaint")

10  states Plaintiff American Safety Services, Inc. ("ASSI") is a California Corporation. (Complaint ¶

11  1.) The Firm is, and at all relevant times was, a Texas Corporation with its principal place of

12  business in Texas. (See *Hertz Corp. v. Friend* (2010) 559 U.S. 77.) The Attorneys are, and at all

13  relevant times were, residents of Texas. Based upon a phone call with Defendant Michael

14  Johnson, his discovery responses signed under penalty of perjury identifying Florida as his place of

15  residence and his signatures on other documents indicating a Florida residency, we have reason to

16  believe he is a resident of Florida.

17    Although the Complaint does not set forth a specific request for damages, the allegations

18  thereof establish that the amount in controversy exceeds $75,000.00. Specifically, the contract

19  involved in the Complaint was for $255,000.00, CKC and Mr. Johnson allegedly asserted that

20  ASSI owed Mr. Johnson $85,000.00, and the Complaint seeks punitive damages. (Complaint, ¶¶

21  12, 13, 22 and Prayer ¶ 3.)

22    Concurrent with the filing of this Petition, counsel for CKC, will file a Notice of Filing of

23  this Petition in the Superior Court Case and serve all parties with the same.

24    Based on the above, this matter has met the procedural requirements of 28 U.S.C. Sections

25  1441 and 1446 and should be removed to the instant Court.

26  \\\

27  \\\

28  \\\

2

1

2   DATED:  March ___9___, 2018                    CLIFFORD & BROWN

3

4                                      By: _____

5                                           Arnold J. Anchordoquy, Esq.
                                            Stephen T. Clifford, Esq.
6                                           Dennis P. Gallagher, II, Esq.
                                            Attorneys for defendants, Christman, Kelley
7                                           & Clarke, PC; Dugan Kelly;
                                            Matthew Clarke
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT A

FILED
SUPERIOR COURT OF CA, COUNTY OF KERN

AUG 2 5 2017

TERRY McNALLY, CLERK
BY _____ DEPUTY

1 | Nathan M. Hodges (State Bar Number 277935)
Hodges Law Group
2 | 1226 Chester Avenue
Bakersfield, CA 93301
3 | Phone: (661) 374-4046
Fax: (661) 374-8807
4 |

NOTICE OF ASSIGNMENT AND
CASE MANAGEMENT CONFERENCE
Assigned to ____THOMAS S. CLARK____ for all purposes.
Hearing Date: ___FEB 2 1 2018___
Time: ___8:15 AM___
Department: ___17___
See CRC Rule 3.720 Et. Seq.

5 |
6 | Attorneys for defendant American Safety Services, Inc.
7 |
8 |        SUPERIOR COURT OF CALIFORNIA, COUNTY OF KERN
9 |                    METROPOLITAN DIVISION
10 |

11 | AMERICAN SAFETY SERVICES, INC., a      ) Case No. BCV-17-101982 TSC
California corporation,                  )
12 |                                       )  COMPLAINT FOR:
                          Plaintiff,      )  1.  MALICIOUS PROSECUTION
13 |                                       )
vs.                                      )
14 |                                       )
MICHAEL JOHNSON, personal representative )
15 | of the estate of LLOYD JOHNSON;       )
CHRISTMAN, KELLEY AND CLARKE, a          )
16 | Professional Corporation; MATHEW CLARKE, )
an individual; DUGAN KELLEY, an individual, )
17 | and DOES 1 through 20, inclusive       )
18 |                                       )
                          Defendants.    )
19 |                                       )
                                         )
20 |                                       )

21 |
22 | Plaintiff AMERICAN SAFETY SERVICES, INC. (hereinafter "ASSI") alleges as follows:
23 |       1.       ASSI is, and at all times mentioned in this Complaint was, a California Corporation,
24 | incorporated August 15, 1991, and conducting business in the State of California, County of Kern in
25 | good standing. ASSI is a closely held corporation engaged in the business of providing safety
26 | services, including consulting services, alcohol and drug testing, OSHA compliance and safety
27 | equipment and personnel for the petroleum industry.
28 |

Hodges Law Group
1226 Chester Avenue
Bakersfield, CA 93301
(661) 374-4046

2.     Upon information and belief, at all times mentioned in this Complaint, Defendant LLOYD JOHNSON, was an individual, residing in the State of California, County of Kern. Mr. Johnson passed away on or about August 27, 2016. Mr. Johnson's son, MICHAEL JOHNSON, is the personal representative of the estate.

3.     Upon information and belief, MICHAEL JOHNSON is an individual residing in the County of Kern, State of California.

4.     Upon information and belief, Defendant CHRISTMAN, KELLEY, AND CLARKE, PC (hereinafter "CKC") is, and at all times mentioned in this Complaint, was a Texas Corporation authorized to conduct business as a law firm in California, and its partners are licensed to practice law in the State of California. CKC and its partners represented LLOYD JOHNSON in the underlying action.

5.     Defendant DUGAN KELLEY is an attorney licensed to practice law in the State of California and is a partner at CKC.

6.     Defendant MATTHEW CLARKE is an attorney licensed to practice law in the State of California and is a partner at CKC.

7.     ASSI is unaware of the true names and capacities of defendants Does 1 through 20 and therefore sues such defendants by such fictitious names. ASSI will seek leave of Court to amend this Complaint to allege the true name(s) and capacity(ies) of the defendants named herein as Does 1 through 20, or each of them, when the names and capacities have been ascertained.

8.     ASSI is informed and believes and thereon alleges, that at all relevant times, each of the fictitiously named defendants was the agent or employee of each of the remaining defendants, and was acting within the course and scope of said agency and employment, and with the knowledge, consent and ratification of each of the remaining defendants.

9.     ASSI is informed and believes and thereon alleges, that each of the fictitiously named defendants is responsible in some manner for the occurrences herein alleged, and that ASSI's damages as herein alleged were legally caused by their conduct, actions and omissions.

## FACTUAL BACKGROUND

10.    In 2007, Michael Johnson filed a lawsuit in Santa Barbara County against Lloyd and Polly Johnson. Gene and Michelle Moseley, and ASSI, and Lloyd and Polly Johnson filed an unlawful detainer action against Michael Johnson (collectively referred to as the "Santa Barbara litigation").

11.    Shortly after the Santa Barbara litigation was filed, the parties agreed to mediation. At the mediation, the parties reached a global resolution of all litigation pending between them (hereinafter the "Settlement Agreement"). The Settlement Agreement required Lloyd and Polly Johnson, the Moseleys, and ASSI to "collectively" pay Michael Johnson the sum of $255,000, and required Michael Johnson to transfer his 10% ownership interest in ASSI to Lloyd Johnson.

12.    The parties signed the written Settlement Agreement at the mediation. Thereafter, Michael Johnson received payment of the $255,000.00 and transferred his 10% ownership in ASSI to Lloyd Johnson.

13.    On or about May 19, 2009, Lloyd Johnson, by way of his attorney, R. Christopher Kroes, sent a letter to the Moseleys wherein he demanded that the Moseleys repay Lloyd Johnson for the Moseleys' alleged portion of the $255,000 Settlement Agreement amount (i.e. $170,000).

14.    Neither the Moseleys, nor ASSI made any payment to Lloyd Johnson pursuant to the demand. Thereafter, over two years after the May 19, 2009 demand was made, on July 15, 2011, Michael Johnson, as assignee of Lloyd Johnson, filed the underlying action against ASSI, and Gene and Michelle Moseley in the Kern County Superior Court entitled *Johnson v. Moseley, et al.*, case number S-1500-CV-274678 (hereinafter the "Action") for breach of written contract and common counts.

15.    After multiple demurrers, amended complaints, and a revocation of the assignment, on May 20, 2015, Lloyd Johnson filed a Third Amended Complaint in the underlying action, which eliminated all previous causes of action and alleged five new causes of action. That Third Amended Complaint was signed by Matthew Mong, Esq. of Christman, Kelley & Clarke, PC, counsel of record for Plaintiff in the underlying action.

16.    In response to that Third Amended Complaint, ASSI filed a demurrer, which was sustained without leave to amend as to all causes of action except Breach of Oral Contract. Thus, the Breach of Oral Contract cause of action was all that remained.

17.    Based on deficiencies in the Underlying Action's Third Amended Complaint, on or about November 5, 2015, ASSI filed a Motion for Summary Judgment. This Motion was heard on or about January 29, 2015.

18.    Additionally, beyond the filing of the above referenced Summary Judgment Motion, ASSI provided notice of the defective factual and legal foundation of the Third Amended Complaint to Defendants by letter dated December 9, 2015, which attached a copy of ASSI's Code of Civil Procedure 128.7 Motion and advised that the 128.7 Motion would be filed with the Court if Mr. Mong failed to withdraw the Third Amended Complaint within 21 days, or by November 30, 2015. Because the Third Amended Complaint was not withdrawn, ASSI filed the 128.7 Motion, which was heard and taken under submission on or about February 2, 2016.

19.    While the Court has ASSI's 128.7 Motion under submission, on or about April 13, 2016, the Court granted ASSI's Motion for Summary Judgment on the Underlying Action.

20.    Thereafter, after a lengthy appeal process wherein Lloyd Johnson failed to file his opening brief, on or about August 22, 2017, the Fifth Appeallate District dismissed the appeal and a remittitur was entered on August 22, 2017 .

### FIRST CAUSE OF ACTION
### MALICIOUS PROSECUTION
#### (Against All Defendants)

21.    ASSI incorporates the allegations of paragraphs 1 through 20 as if set forth in full herein.

22.    On or about July 15, 2011, MICHAEL JOHNSON, as assignee of LLOYD JOHNSON, commenced an action against ASSI, and Gene and Michelle Moseley in the Kern County Superior Court entitled *Johnson v. Moseley, et al.,* case number S-1500-CV-274678 (the "Action"). In the Action, Defendant asserted that ASSI owed $85,000 to Defendant based on the Santa Barbara litigation's Settlement Agreement. LLOYD JOHNSON, CKC, DUGAN KELLEY, and MATTHEW CLARKE, continued prosecution of the Underlying Action.

23.    The Action was pursued to a legal termination in favor of ASSI and against LLOYD JOHNSON, in that LLOYD JOHNSON voluntarily withdrew multiple causes of action as against

Hodges Law Group
1226 Chester Avenue
Bakersfield, CA 93301
(661) 374-6666

ASSI, demurrers were sustained without leave to amend, and based on ASSI's Motion for Summary Judgment. Judgment was entered against Lloyd Johnson and in favor of ASSI on June 29, 2017. Lloyd Johnson appealed from the Judgment. The Court of Appeal, however, dismissed the appeal after Lloyd Johnson failed to file an Opening Brief and remittitur was filed on August 22, 2017.

24.     The Action was commenced by Lloyd Johnson without probable cause and with malice, and was continued to be prosecuted without probable cause and with malice. It was based upon factual allegations that lacked admissible evidentiary support and legal contentions that were facially devoid of any merit. Specifically, the doctrine of mediation confidentiality precluded any evidence of the parties communications at mediation. Consequently, any evidence of communication, or oral agreements reached at the mediation, or communications that might reveal the parties intent with relation to the Settlement Agreement, would be inadmissible.

25.     Because there could be no admissible evidence to prove LLOYD JOHNSON's and/or MICHAEL JOHNSON'S claims in the Underlying Action, no reasonable person in defendant's circumstances would have believed that there were reasonable grounds to bring the Underlying Action, or to continue with its prosecution. During the course of the Underlying Action, LLOYD JOHNSON churned through at least four law firms.

26.     Defendants' malicious prosecution of the Action has caused damages to ASSI. Among other things, ASSI was required to hire an attorney and expend significant costs including, but not limited to, filing fees, court reporter fees, expert witness fees, and travel costs, to defend the claims against it.

27.     Upon information and belief, the amount of the out-of-pocket damages caused by the malicious prosecution of the Action exceeds the jurisdictional limits of this Court, according to proof at trial. Moreover, ASSI suffered harm to its reputation, according to proof at trial.

28.     ASSI also is entitled to an award of punitive damages against Defendants, according to proof at trial, because Defendants prosecution of the Action was, as alleged above, oppressive and malicious. The amount of the award against Defendants should be sufficient in size to punish Defendants and deter others from engaging in similar misbehavior.

1

WHEREFORE. ASSI prays for judgment against Defendants, and each of them, as follows:

1. General damages in an amount to be established at the time of trial.

2. Special damages in an amount to be established at the time of trial.

3. For exemplary and punitive damages in an amount to set an example of defendants.

4. For cost of suit incurred in this action; and

5. For any further relief as the court deems just and proper.

Date: August 23, 2017                               HODGES LAW GROUP

By: _____

                                                    Nathan M. Hodges, Esq.
                                                    Attorney for American Safety Services, Inc.



**Superior Court of California**
**County of Kern**
**1415 Truxtun Avenue**
**Bakersfield, CA 93301**

Date:    12/07/2017                                          Time:   8:00 AM - 5:00 PM

BCV-17-101982
AMERICAN SAFETY SERVICES, INC. VS MICHAEL JOHNSON, PERSONAL REPRESENTATIVE OF THE ESTATE OF LLOYD
JOHNSON

### *Courtroom Staff*

Honorable:     Thomas S. Clark                    Clerk:     Laura Ramos

Court reporter:      NONE                          Bailiff:    NONE

---

### NATURE OF PROCEEDINGS: RULING

**The court makes the following findings and orders;**

Honorable Thomas S. Clark recuses himself from the above entitled matter pursuant to C.C.P 170.1

Matter transferred to Department 1 for reassignment.

All parties notified as stated on the attached certificate of mailing.

---

*MINUTE ORDER FINALIZED BY:    LAURA RAMOS*                              *ON    DECEMBER 07, 2017*

MINUTE ORDER
Page 1 of 3

AMERICAN SAFETY SERVICES, INC. VS MICHAEL JOHNSON, PERSONAL                              BCV-17-101982
REPRESENTATIVE OF THE ESTATE OF LLOYD JOHNSON

**AMERICAN SAFETY SERVICES, INC. VS MICHAEL JOHNSON, PERSONAL REPRESENTATIVE OF THE ESTATE OF LLOYD JOHNSON**
**BCV-17-101982**

### CERTIFICATE OF MAILING

The undersigned, of said Kern County, certify: That I am a Deputy Clerk of the Superior Court of the State of California, in and for the County of Kern, that I am a citizen of the United States, over 18 years of age, I reside in or am employed in the County of Kern, and not a party to the within action, that I served the *Minute Order dated December 07, 2017* attached hereto on all interested parties and any respective counsel of record in the within action by depositing true copies thereof, enclosed in a sealed envelope(s) with postage fully prepaid and placed for collection and mailing on this date, following standard Court practices, in the United States mail at Bakersfield California addressed as indicated on the attached mailing list.

Date of Mailing:     December 07, 2017

Place of Mailing:     Bakersfield, CA

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Terry McNally
CLERK OF THE SUPERIOR COURT

Date:  December 07, 2017

By: _____
Laura Ramos, Deputy Clerk

### MAILING LIST

NATHAN M HODGES
HODGES LAW GROUP
1226 CHESTER AVE
BAKERSFIELD CA  93301-5432

ELECTRONICALLY FILED
1/29/2018 4:05 PM
Kern County Superior Court
Terry McNally
By Gracie Goodson, Deputy

*Specially appearing pro se*, MICHAEL JOHNSON,
personal representative of the ESTATE OF
LLOYD JOHNSON
623 Front Street, #5206
Kissimmee, Florida 34747
(407) 897-9710

1
2
3
4

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

5

### FOR THE COUNTY OF KERN

6

7  AMERICAN SAFETY SERVICES, INC., a
   California corporation,

8                  Plaintiff,

9  vs.

10

11  MICHAEL JOHNSON, personal representative of
    the ESTATE OF LLOYD JOHNON;
12  CHRISTMAN KELLEY & CLARKE, a Texas
    corporation; DUGAN KELLEY, an individual;
13  MATTHEW CLARKE, an individual; and DOES
    1 through 20, inclusive,

14                  Defendants.

Case No.: BCV-17-101982

**NOTICE OF MOTION AND MOTION TO
QUASH SERVICE OF SUMMONS AND
COMPLAINT; DECLARATION OF
MICHAEL JOHNSON**

Date:  March 1, 2018
Time:  8:30 a.m.
Dept.   10
Judge: Hon. Stephen D. Schuett
Action Filed: August 29, 2017

15

16  TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

17        PLEASE TAKE NOTICE that on March 1, 2018, at 8:30 a.m., or as soon thereafter as the

18  matter may be heard in Dept. 10 of the above court located at 1415 Truxtun Avenue, Bakersfield,

19  California 93301, Defendant, the Estate of Lloyd Johnson, by way of its personal representative,

20  Michael Johnson (hereinafter "Johnson"), *specially appears* and hereby does move for an order to

21  quash the Summons and Complaint of Plaintiff AMERICAN SAFETY SERVICES, INC.

22  (hereinafter referred to as "Plaintiff") pursuant to California *Code of Civil Procedure* section 418.10

23
24  on the basis of lack of personal jurisdiction due to ineffective service under California *Code of Civil*

25  *Procedure* sections 415.10, 415.20, 416.60, 416.70, 416.80, and/or 416.90.  Further, Plaintiffs failed

26  to file a claim relating to the alleged damages in their complaint in probate court prior to filing this

27  summons and complaint as required by California Probate Code § 9351.  Additionally, Plaintiff

28  failed to serve its summons and complaint upon defendant, Michael Johnson, personal representative

MOTION TO QUASH SERVICE

1    of the Estate of Lloyd Johnson, within 60 days as required by California Rules of Court, Rule

2    3.110(b).

3        The merits, or lack thereof, of the complaint are not yet at issue in motions to quash service

4    of summons for lack of personal jurisdiction. *(CenterPoint Energy, Inc. v. Superior Court* (2007)

5    157 Cal.App.4th 1101, 118.) *Hence this is not a general appearance by any purported defendant.*

6        This motion is based upon the attached Memorandum of Points and Authorities, the

7
     Declaration Joseph S. Pearl Esq., the concurrently filed Declaration of Michael Johnson, Exhibits
8
     and upon all of the pleadings and records contained in the Court file herein, and upon such oral and
9
10   documentary evidence as may be presented at time for hearing on this application.

11   DATED: January 29, 2017

12

13   By _____

14       Michael Johnson, personal
         representative of the Estate
15       of Lloyd Johnson

16

17

18

19

20

21

22

23

24

25

26

27

28

MOTION TO QUASH SERVICE

1

2

## MEMORANDUM OF POINTS & AUTHORITIES

### I.    INTRODUCTION

In 2007, Michael Johnson filed a lawsuit against Michelle Moseley, Gene Moseley, American Safety Services, Inc. and Lloyd and Polly Johnson which sought payment of monies he was owed by the company and its owners. Michael Johnson's lawsuit also sought other damages against Gene Moseley and Michelle Moseley.

At mediation in July 2007, the parties settled the case wherein the defendants were required to "collectively" pay Michael Johnson $255,000. During the mediation, the Moseleys and American Safety Services, Inc requested Lloyd Johnson to loan them $170,000.00, or two-thirds of the $255,000.00 settlement amount to pay Michael Johnson and resolve the case. The Moseley's and American Safety Services, Inc agreed to repay Lloyd Johnson the money if he would loan it to them. Lloyd Johnson agreed and loaned the Moseley's and American Safety Sevices, Inc, $170,000.00 in October 2007. Lloyd Johnson then issued Michael Johnson $255,000 also in October 2007. After the case was settled, The Moseleys and American Safety Services, Inc breached their agreement with Lloyd Johnson regarding the repayment of the $170,000.00 loan and never paid Lloyd Johnson a penny towards the $170,000.00 he had graciously loaned them in October 2007.

Lloyd Johnson demanded that the Moseleys and American Safety Services, Inc pay their pro-rata share of the settlement amount but they refused. Lloyd Johnson was then forced to sue his daughter, Michelle Moseley and his son-in-law, Gene Moseley and American Safety Services, Inc. for breach of contract to pay their two-thirds of the settlement amount.

The case was dismissed on summary judgment, in part, on the basis that evidence of the oral contract for Lloyd Johnson to loan $170,000.00 to the Moseley's and American Safety Services, Inc

1

1   was made during the July 2007 mediation and therefore could not be admitted into evidence per the

2   Mediation Privilege.

3         On August 27, 2016, Lloyd Johnson passed away in Bakersfield, California. There is an

4   ongoing wrongful death lawsuit against Gene Moseley as being complicit in Lloyd Johnson's death.

5   Lloyd Johnson named Michael Johnson as executor of his estate in 1991. Michelle Moseley and her

6   husband, Gene Moseley, were largely left out of Lloyd Johnson's 1991 will codicil as beneficiaries.

7
8   American Safety Services, Inc's instant Summons and Complaint comes on the heels of that

9   revelation.

10  **II.   THE COURT HAS THE STATUTORY AUTHORITY TO QUASH THE SUMMONS
          AND COMPLAINT**

11
12        Pursuant to California *Code of Civil Procedure* section 418.10, "A defendant, on or before

13  the last day of his or her time to plead or within any further time that the court may for good cause

14  allow, may serve and file a notice of motion for one or more of the following purposes: (1) to quash

15  service of summons on the ground of lack of jurisdiction of the court over him or her."

16        California law is clear that without valid service of summons, the Court never acquires

17  jurisdiction over the defendant. Thus, the statutory ground for the Motion to Quash is that the Court

18  lacks jurisdiction over the defendant. (*See* Cal. *Code of Civil Procedure* § 418.10(a)(1).)

19
20        Proving the existence of jurisdiction is always plaintiff's burden of proof. Therefore, even

21  though defendant is the moving party on a Motion to Quash, the burden is on plaintiff to show valid

22  service under applicable law. (*Dill v. Berquist Const. Co., Inc.* (1994) 24 Cal.App.4th 1426, 1439-

23  1442.) As plainly stated by the Court in *Dill*:

24          In the absence of a voluntary submission to the authority of the court,
          compliance with the statutes governing service of process is essential

25          to establish that court's personal jurisdiction over a defendant. When a

26          defendant challenges that jurisdiction by bringing a motion to quash,
          *the burden is on the plaintiff to prove the existence of jurisdiction by*

27

28

1    *proving, inter alia, the facts requisite to an effective service.* (*Id.* at
1439-1440; [emphasis added].)

2    Moreover, a defendant is under no duty to respond in any way to a defectively served

3    summons. A Defendant is under no legal obligation to respond to the defective summons until the

4
5    Plaintiff demonstrates validity of service by evidence. (*Bolkiah v. Superior Court* (1999) 74

6    Cal.App.4th 984, 991). It makes no difference whether defendant had actual knowledge of the action,

7    as such knowledge does not dispense with statutory requirements for service of summons. (*Kappel v.*

8    *Bartlett* (1988) 200 Cal.App.3d 1457, 1466; *Ruttenberg v. Ruttenberg* (1997) 53 Cal.App.4th 801,

9    808.) As expressly held by the Court in *Kappel*:

10            Appellant was under no duty to act upon a defectively served
11            summons. The requirement of notice is 'not satisfied by actual
             knowledge without notification confirmed to the statutory
12            requirements' [citation]; it is long-settled that methods of service are to
             be strictly construed and that a court does not acquire jurisdiction
13            where personal service is relied upon but has not in fact take place. (*Id.*
             at 1466-67)
14

15    As will be shown below Plaintiff failed to comply with statutory requirements in serving the

16    Summons and Complaint, therefore, the Court must Quash Plaintiff's Summons and Complaint.

17

18    III.    **THE COURT MUST QUASH SERVICE OF THE SUMMONS AND COMPLAINT
             PURSUANT TO CALIFORNIA PROBATE CODE § 9351**

19    Plaintiff failed to file its claim with the probate court, in Kern County Superior Court Case

20    No. BPB-16-003230, for the Estate of Lloyd Johnson prior to filing the instant summons and

21
22    complaint. This violates California Probate Code § 9351 which states, "An action may not be

23    commenced against a decedent's personal representative on a cause of action against the decedent

24    unless a claim is first filed as provided in this part and the claim is rejected in whole or in part."

25

26

27                                      3
28

1    Plaintiff's prayer for damages included in the complaint is a claim under California Probate

2    Code § 9000(a) which states, a "claim" is "a demand for payment" that includes any (a) liability of

3    the decedent (the person who has passed away) based on a contract, a tort, or otherwise."

4    Therefore, the current action is void.

5    While the Plaintiff filed a claim against the Estate of Lloyd Dennis Johnson (KCSC Case no.

6    BPB-16-003230) on June 16, 2017 in an amount to be proven at trial, such claim is solely related to

7    alleged damages stemming from Kern County Superior Court Case No. S-1500-CV-274678-SPC

8    (Please see a true and correct copy of the Plaintiff's claim filed in KCSC Case no. BPB-16-003230

9    attached as <u>Exhibit "A"</u> and incorporated by reference.)

10

11   Even if the Plaintiff attempts to file a claim at this stage in order to commence a new action,

12   that action would now be barred by CCP section 366.2, which provides that such action against the

13   decedent's estate must be filed within one-year from the date of death of the decedent.  And, an

14   action barred by California Code of Civil Procedure section 366.2, would likewise be invalid under

15   Probate Code section 9100 et seq. (See Probate code section 9100(c), which provides that no claim

16   barred by CCP section 366.2 is tolled, extended or revived).

17

18   Plaintiff did not file a claim in probate court prior to filing their summons and complaint and

19   the time to file a claim in probate court has long passed. For these reasons, service of Plaintiff's

20   summons and complaint must be quashed.

21   ///

22   ///

23   ///

24   ///

25   ///

26   ///

27                                          4
                            MOTION TO QUASH SERVICE

28

**IV.    THE COURT MUST QUASH SERVICE OF THE SUMMONS AND COMPLAINT PURSUANT TO CALIFORNIA RULES OF COURT, RULE 3.110**

Plaintiff's summons and complaint was filed on August 28, 2017. The proof of service of summons filed with the court indicates that Michael Johnson was not personally served until one hundred and two days later on December 8, 2017. Pursuant to California Rules of Court, Rule 3.110, there is a time limit. Rule 3.110 (b) provides: "The complaint must be served on all named defendants and proofs of service on those defendants must be filed with the court within 60 days after the filing of the complaint.

The only way to extend the 60 day time period to serve a summons and complaint on a defendant is for the plaintiff to move the court to extend the time to serve before the time for service has elapsed. This, the plaintiffs did not do and cannot do at this time. This is set forth in California Rules of Court, Rule 3.110 (e), which states, "The court, on its own motion or on the application of a party, may extend or otherwise modify the times provided in (b)-(d). An application for a court order extending the time to serve a pleading must be filed before the time for service has elapsed."

Defendant, Michael Johnson, personal representative of the Estate of Lloyd Johnson was not served within the time limit required by California Rules of Court, Rule 3.110 (e). Therefore, service of Plaintiffs' summons and complaint must be quashed.

It should be noted that Plaintiffs have also failed to serve any of the other defendants in this case, namely Christman, Kelley & Clarke, A Texas corporation, Dugan Kelley, an individual and Matthew Clarke, an individual.

///

///

///

5

MOTION TO QUASH SERVICE

## V.    CONCLUSION

1

2          For the above stated reasons, specially appearing Defendant, Michael Johnson, personal

3    representative of the Estate of Lloyd Johnson respectfully requests the court to grant said

4    Defendant's Motion to Quash the Summons and Complaint filed by Plaintiff.

5

   DATED: January 29, 2018
6

7                                                        By _____
                                                           Michael Johnson, personal
8                                                          representative of the Estate
                                                           of Lloyd Johnson
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27                                          6
                                  MOTION TO QUASH SERVICE
28

## DECLARATION OF MICHAEL JOHNSON

I, Michael Johnson, declare as follows:

1. I am a named defendant in this action. I have personal knowledge of the facts set forth herein and, if called as a witness, I could and would testify competently thereto.

2. In Lloyd Johnson's 1991 codicil to his will, I was named executor of his estate.

3. The Court issued an Order for Probate on December 5, 2017, appointing me as Executor with full powers in my father's estate in Kern County Superior court Case No. BPB-16-003230 (A true and correct copy of the court's order is attached hereto as Exhibit "B").

4. I was granted Letters of Authority as Personal Representative for Estate of Lloyd Johnson on December 5, 2017 in Kern County Superior court Case No. BPB-16-003230 (A true and correct copy of the Letters of Authority are attached hereto as Exhibit "C").

5. Michelle Moseley and her husband, Gene Moseley, were largely left out of Lloyd Johnson's codicil to his will as beneficiaries.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct, and that this declaration is executed on January 29, 2018, in Kissimmee, Florida

MICHAEL JOHNSON

MOTION TO QUASH SERVICE

# Exhibit "A"

**DE-172**

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, state bar number, and address): | TELEPHONE AND FAX NOS.: | FOR COURT USE ONLY |
|---|---|---|

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, state bar number, and address):
Nathan M. Hodges, SBN 277935
1226 Chester Avenue
Bakersfield, CA 93301

**FILED**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF KERN

JUN 16 2017

TERRY McNALAY, CLERK
BY _____ DEPUTY

ATTORNEY FOR (Name): American Safety Services, Inc.
SUPERIOR COURT OF CALIFORNIA, COUNTY OF Kern
STREET ADDRESS: 1215 Truxtun Avenue
MAILING ADDRESS:
CITY AND ZIP CODE: Bakersfield, CA 93301
BRANCH NAME: Metropolitan Division

ESTATE OF (Name):
Lloyd D. Johnson
DECEDENT

| CREDITOR'S CLAIM | CASE NUMBER: BPB-16-003230 |
|---|---|

You must file this claim with the court clerk at the court address above before the LATER of (a) four months after the date letters (authority to act for the estate) were first issued to the personal representative, or (b) sixty days after the date the Notice of Administration was given to the creditor, if notice was given as provided in Probate Code section 9051. You must also mail or deliver a copy of this claim to the personal representative and his or her attorney. A proof of service is on the reverse.
**WARNING:** Your claim will in most instances be invalid if you do not properly complete this form, file it on time with the court, and mail or deliver a copy to the personal representative and his or her attorney.

1. Total amount of the claim: $ to proved at trial
2. Claimant (name): American Safety Services, Inc.
   a. ☐ an individual
   b. ☐ an individual or entity doing business under the fictitious name of (specify):
   
   c. ☐ a partnership. The person signing has authority to sign on behalf of the partnership.
   d. ☑ a corporation. The person signing has authority to sign on behalf of the corporation.
   e. ☐ other (specify):
3. Address of claimant (specify): 3215 Fruitvale Avenue, Bakersfield, CA 93308

4. Claimant is ☑ the creditor ☐ a person acting on behalf of creditor (state reason):

5. ☐ Claimant is ☐ the personal representative ☐ the attorney for the personal representative.
6. I am authorized to make this claim which is just and due or may become due. All payments on or offsets to the claim have been credited. Facts supporting the claim are ☑ on reverse ☐ attached.
I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.
Date: 04/12/2017

Gene Moseley
(TYPE OR PRINT NAME AND TITLE)

► _____
(SIGNATURE OF CLAIMANT)

**INSTRUCTIONS TO CLAIMANT**

A. On the reverse, itemize the claim and show the date the service was rendered or the debt incurred. Describe the item or service in detail, and indicate the amount claimed for each item. Do not include debts incurred after the date of death, except funeral claims.
B. If the claim is not due or contingent, or the amount is not yet ascertainable, state the facts supporting the claim.
C. If the claim is secured by a note or other written instrument, the original or a copy must be attached (state why original is unavailable.) If secured by mortgage, deed of trust, or other lien on property that is of record, it is sufficient to describe the security and refer to the date or volume and page, and county where recorded. (See Prob. Code, § 9152.)
D. Mail or take this original claim to the court clerk's office for filing. If mailed, use certified mail, with return receipt requested.
E. Mail or deliver a copy to the personal representative and his or her attorney. Complete the Proof of Mailing or Personal Delivery on the reverse.
F. The personal representative or his or her attorney will notify you when your claim is allowed or rejected.
G. Claims against the estate by the personal representative and the attorney for the personal representative must be filed within the claim period allowed in Probate Code section 9100. See the notice box above.

(Continued on reverse)

Form Approved by the
Judicial Council of California
DE-172 [Rev. January 1, 1998]

**CREDITOR'S CLAIM**
(Probate)

Probate Code, §§ 9000 et seq., 9153

| ESTATE OF *(Name):* Lloyd D. Johnson | DECEDENT | CASE NUMBER: BPB-16-003230 |
|---|---|---|

### FACTS SUPPORTING THE CREDITOR'S CLAIM
☐ See attachment *(if space is insufficient)*

| Date of item | Item and supporting facts | Amount claimed |
|---|---|---|
| On or about July 2006 | Decedent withdrew $100,000 from Claimant's bank account and then loaned said amount back to Claimant with 8% interest rate. Claimant paid $110,000 to Decedent over the course of an 8 year period of time. Additionally, Decedent made various short term loans to Claimant, which through oversight were overpaid. | Upon Proof at trial |
| On or about June 2006 | Decedent changed the mailing address of Claimant for the Claimant's 2005 federal tax return, which resulted in Claimants refund being sent to Decedent. Decedent failed to provide said tax return to Claimant. | Upon Proof at trial |
| | Both of the above claims are subject to litigation in the Kern County Superior Court, Case No. S-1500-CV-274678 SPC | |
| | TOTAL: | $ |

---

**PROOF OF** ☐ **MAILING** ☐ **PERSONAL DELIVERY** **TO PERSONAL REPRESENTATIVE**
*(Be sure to mail or take the original to the court clerk's office for filing)*

1. I am the creditor or a person acting on behalf of the creditor. At the time of mailing or delivery I was at least 18 years of age.
2. My residence or business address is (specify): 1226 Chester Avenue, Bakersfield, CA 93301

3. I mailed or personally delivered a copy of this *Creditor's Claim* to the personal representative as follows *(check either a or b below)*:
   a. ☐ **Mail.** I am a resident of or employed in the county where the mailing occurred.
      (1) I enclosed a copy in an envelope AND
         (a) ☐ deposited the sealed envelope with the United States Postal Service with the postage fully prepaid.
         (b) ☐ placed the envelope for collection and mailing on the date and at the place shown in items below following our ordinary business practices. I am readily familiar with this business' practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service in a sealed envelope with postage fully prepaid.
      (2) The envelope was addressed and mailed first-class as follows:
         (a) Name of personal representative served: Michael Johnson
         (b) Address on envelope: 12101 Red Rose Way
                    Bakersfield, CA 93312
         (c) Date of mailing:
         (d) Place of mailing *(city and state):* Bakersfield, CA
   b. ☐ **Personal delivery.** I personally delivered a copy of the claim to the personal representative as follows:
      (1) Name of personal representative served:
      (2) Address where delivered:

      (3) Date delivered:
      (4) Time delivered:

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.
Date: 04/12/2017

*Gene Moseley* ........................
(TYPE OR PRINT NAME OF CLAIMANT)

▶ *(signature)*
(SIGNATURE OF CLAIMANT)

DE-172 [Rev. January 1,1998]    **CREDITOR'S CLAIM** *(Probate)*    Page two

## PROOF OF SERVICE
### (1013a, 2015.5)

I am employed in the county of Kern, State of California. I am over the age of 18 and not a party to the within action; my business address is: 1226 Chester Avenue, Bakersfield, CA 93301.

On June 15, 2017, I served the foregoing documents described as: **CREDITOR'S CLAIM**

on the interested parties in this action by placing a true copy thereof enclosed in sealed envelopes and/or packages addressed as follows:

Michael Johnson                              Petitioner for the Estate of Lloyd D. Johnson
12101 Red Rose Way
Bakersfield, CA 93312

Joseph S. Pearl                              Attorneys for Petitioner Michael Johnson
Joseph S. Pearl, LLM, a Professional
Law Corporation
1400 Chester Avenue, Suite I
Bakersfield, CA 93301

__X__ **BY MAIL:** I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would deposited with U.S. Postal Service on that same day with postage thereon fully prepaid at Bakersfield, California in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than 1 day after date of deposit for mailing in affidavit.

____ **BY OVERNIGHT DELIVERY:** I served such envelope or package to be delivered on the same day to an authorized courier or driver authorized by the express service carrier to receive documents, in an envelope or package designated by the express service carrier.

____ **BY FACSIMILE:** I served said document(s) to be transmitted via facsimile pursuant to Rule 2008 of the California Rules of Court. The telephone number of the sending facsimile machine was (XXX) XXX-XXXX. The name(s) and facsimile machine telephone number(s) of the person(s) served are set forth in the service list. A transmission report was properly issued by the sending facsimile machine, and the transmission was reported as complete and without error.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on June 15, 2017, at Bakersfield, California.

Nathan Hodges

**<u>Exhibit "B"</u>**

DEC 04 2017

DE-140

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, state bar number, and address): | TELEPHONE AND FAX NOS.: | FOR COURT USE ONLY |
|---|---|---|
| Joseph S. Pearl, Esq. (SBN: 250177) | (661) 281-0253 | |
| Joseph S. Pearl, LL.M. - APLC | (661) 281-0254 | |
| 1400 Chester Ave., Suite I | | |
| Bakersfield, CA 93301 | | |

ATTORNEY FOR (Name): Michael A. Johnson

SUPERIOR COURT OF CALIFORNIA, COUNTY OF KERN
STREET ADDRESS: 1215 Truxtun Ave.
MAILING ADDRESS: 1215 Truxtun Ave.
CITY AND ZIP CODE: Bakersfield, CA  93301
BRANCH NAME: Metropolitan Div./Justice Building

FILED
SUPERIOR COURT, METROPOLITAN DIVISION
COUNTY OF KERN

DEC 05 2017

TERRY McNALLY, CLERK
BY _____ DEPUTY

ESTATE OF (Name): LLOYD D. JOHNSON, also known as
Lloyd Dennis Johnson and Lloyd Johnson
                                                  DECEDENT

### ORDER FOR PROBATE

ORDER
APPOINTING

[X] Executor
[ ] Administrator with Will Annexed
[ ] Administrator    [ ] Special Administrator
[X] Order Authorizing Independent Administration of Estate
  [X] with full authority [ ] with limited authority

CASE NUMBER:

BPB-16-003230

### WARNING: THIS APPOINTMENT IS NOT EFFECTIVE UNTIL LETTERS HAVE ISSUED.

1. Date of hearing: 10/19/2017     Time: 9:00 a.m.   Dept./Room: Div. P   Judge: Hon. Alisa R. Knight, Commissioner

THE COURT FINDS

2. a. All notices required by law have been given.
   b. Decedent died on (date): 08/27/2016
      (1) [X] a resident of the California county named above.
      (2) [ ] a nonresident of California and left an estate in the county named above.
   c. Decedent died
      (1) [ ] intestate
      (2) [X] testate
      and decedent's will dated: 04/12/79          and each codicil dated: 06/30/91
      was admitted to probate by Minute Order on (date): 10/19/2017

THE COURT ORDERS

3. (Name): Michael A. Johnson
   is appointed personal representative:
   a. [X] executor of the decedent's will
   b. [ ] administrator with will annexed
   c. [ ] administrator

   d. [ ] special administrator
      (1) [ ] with general powers
      (2) [ ] with special powers as specified in Attachment 3d(2)
      (3) [ ] without notice of hearing
      (4) [ ] letters will expire on (date):

   and letters shall issue on qualification.

4. a. [X] Full authority is granted to administer the estate under the Independent Administration of Estates Act.
   b. [ ] Limited authority is granted to administer the estate under the Independent Administration of Estates Act (there is no authority, without court supervision, to (1) sell or exchange real property or (2) grant an option to purchase real property or (3) borrow money with the loan secured by an encumbrance upon real property).

5. a. [X] Bond is not required.
   b. [ ] Bond is fixed at: $                              to be furnished by an authorized surety company or as otherwise provided by law.
   c. [ ] Deposits of: $                              are ordered to be placed in a blocked account at (specify institution and location):
         and receipts shall be filed. No withdrawals shall be made without a court order. [X] Additional orders in Attachment 5c.
   d. [ ] The personal representative is not authorized to take possession of money or any other property without a specific court order.

6. [X] (Name): Michael Burger                          is appointed probate referee.

Date:

JUDGE OF THE SUPERIOR COURT
[X] SIGNATURE FOLLOWS LAST ATTACHMENT

7. Number of pages attached: 1

Form Approved by the
Judicial Council of California
DE-140 [Rev. January 1, 1998]
Mandatory Form [1/1/2000]

ORDER FOR PROBATE

Probate Code, §§ 8006, 8405

## Attachment 5c

Cause set for compliance hearing re: either a report of status of administrator pursuant to PC 12200 et seq. or petition to close estate on 10/25/2018 at 9:00 am. in Division P. No appearance necessary if filed. Hearing to be vacated.

Dated: 12/5/2017

_(signature)_

Hon. Alisa R. Knight, Commissioner
of the Superior Court

5 c

# Exhibit "C"

DE-150

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, state bar number, and address):* | TELEPHONE AND FAX NOS.: | FOR COURT USE ONLY |
|---|---|---|

Joseph S. Pearl, Esq.   (SBN: 250177)   (661) 281-0253
Joseph S. Pearl, LL.M - APLC   F:(661) 281-0254
1400 Chester Ave., Suite I
Bakersfield, California 93301

ATTORNEY FOR *(Name):*   Michael A. Johnson

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** KERN
STREET ADDRESS: 1215 Truxtun Ave.
MAILING ADDRESS: 1215 Truxtun Ave.
CITY AND ZIP CODE: Bakersfield, CA 93301
BRANCH NAME: Metropolitan Division/Justice Building

**ESTATE OF** *(Name):* LLOYD D. JOHNSON, also known as
Lloyd Dennis Johnson and Lloyd Johnson,                  DECEDENT

FILED
SUPERIOR COURT, METROPOLITAN DIVISION
COUNTY OF KERN

OCT 26 2017

DEC 0 5 2017

TERRY McNALLY, CLERK
BY _____ DEPUTY

| LETTERS | | CASE NUMBER: |
|---|---|---|
| [X] TESTAMENTARY | [ ] OF ADMINISTRATION | BPB-16-003230 |
| [ ] OF ADMINISTRATION WITH WILL ANNEXED | [ ] SPECIAL ADMINISTRATION | |

## LETTERS

1. [X] The last will of the decedent named above having
been proved, the court appoints *(name):*
        Michael A. Johnson

  a. [X] executor.
  b. [ ] administrator with will annexed.

2. [ ] The court appoints *(name):*

  a. [ ] administrator of the decedent's estate.
  b. [ ] special administrator of decedent's estate
    (1) [ ] with the special powers specified
        in the Order for Probate.
    (2) [ ] with the powers of a general
        administrator.
    (3) [ ] letters will expire on *(date):*

3. [X] The personal representative is authorized to administer
the estate under the Independent Administration of
Estates Act  [X]  with full authority
        [ ] with limited authority (no authority, without
court supervision, to (1) sell or exchange real property
or (2) grant an option to purchase real property or (3)
borrow money with the loan secured by an
encumbrance upon real property).

4. [ ] The personal representative is not authorized to take
possession of money or any other property without a
specific court order.

WITNESS, clerk of the court, with seal of the court affixed.

(SEAL)
Date: DEC 0 5 2017

Clerk, by TERRY McNALLY

_____ (DEPUTY)

## AFFIRMATION

1. [ ] PUBLIC ADMINISTRATOR: No affirmation required
    (Prob. Code, § 7621(c)).

2. [X] INDIVIDUAL: I solemnly affirm that I will perform the
    duties of personal representative according to law.

3. [ ] INSTITUTIONAL FIDUCIARY *(name):*

    I solemnly affirm that the institution will perform the
    duties of personal representative according to law.
    I make this affirmation for myself as an individual and
    on behalf of the institution as an officer.
    *(Name and title):*

4. Executed on *(date):* 10-20-2017
    at *(place):* Bakersfield             , California.

    ▶ _____
                (SIGNATURE)

## CERTIFICATION

I certify that this document is a correct copy of the original on
file in my office and the letters issued the personal representa-
tive appointed above have not been revoked, annulled, or set
aside, and are still in full force and effect.

Date: DEC 0 6 2017

Clerk, by TERRY McNALLY

_____ (DEPUTY)
D. NEBRIDA

Form Approved by the
Judicial Council of California
DE-150 [Rev. January 1, 1998]
Mandatory Form [1/1/2000]

**LETTERS**
(Probate)

Probate Code, §§ 1001, 8403,
8405, 8544, 8545;
Code of Civil Procedure, § 2015.6



1  Joseph S. Pearl, Esq. (SBN 250177)
   Joseph S. Pearl, LL.M. — APLC
2  1400 Chester Ave., Suite I
3  Bakersfield, CA 93301
   (661) 281-0253
4
   Attorney for Michael A. Johnson,
5  Executor of the Estate of
6  Lloyd Dennis Johnson

7            SUPERIOR COURT OF THE STATE OF CALIFORNIA

8         FOR THE COUNTY OF KERN - METROPOLITAN DIVISION

9
                                )
10                              )
   AMERICAN SAFETY SERVICES, INC., )  Case No.: BCV-17-101982
11 a California corporation,     )
                                )
12           Plaintiff,          )
                                )
13                              )  DECLARATION OF JOSEPH S. PEARL
   vs.                          )  IN SUPPORT OF MICHAEL A.
14                              )  JOHNSON'S MOTION TO QUASH
15 MICHAEL JOHNSON, personal     )  SERVICE OF SUMMONS AND COMPLANT
   representative of the ESTATE OF )
16 LLOYD JOHNON; CHRISTMAN KELLEY )
   & CLARKE, a Texas corporation; )
17 DUGAN KELLEY, an individual;   )  Date:   March 1, 2018
   MATTHEW CLARKE, an individual; )  Time:   8:30 a.m.
18 and DOES 1 through 20,         )  Dept.   10
19 inclusive,                    )  Judge: Hon. Stephen D. Schuett
                                )
20           Defendants.         )
                                )
21 ─────────────────────────────

22 Declaration of Joseph S. Pearl, Esq.

23    1.   I am licensed to practice in all courts in the State

24 of California.

25    2.   I represent Michael A. Johnson, in the administration
26
27 of the Estate of Lloyd Dennis Johnson, Deceased (Kern County

28 Superior Court Case no. BPB-16-003230).

                              1

1     3.   I do not represent Michael A. Johnson as Personal

2  Representative of The Estate Of Lloyd Johnson in the instant

3

4  Kern County Superior Court Case No. BCV-17-101982 (American

5  Safety Services, Inc. v. Johnson).

6     4.   I have practiced law over 10 years in Bakersfield,

7  California, with more than 7 of those 10 years devoted

8  substantially to the practice of Probate law.

9     5.   The following is provided in support of Michael A.

10

11  Johnson, Personal Representative Of The Estate Of Lloyd

12  Johnson's Motion To Quash in the above-captioned case:

13     6.   Under California Probate Code Section 9351, a

14  creditor's claim against a California estate must be filed with

15  the court and rejected by the estate's Personal Representative

16

17  before a lawsuit can be filed or proceed against a decedent's

18  estate.   Probate Code Section 9351 provides:

19        " An action may not be commenced against a decedent s
           personal representative on a cause of action against
20       the decedent unless a claim is first filed as provided
           in this part and the claim is rejected in whole or in
21       part".

22

23     7.   While the Plaintiff filed a claim against the Estate

24  of Lloyd Dennis Johnson (KCSC Case no. BPB-16-003230) on

25  June 16, 2017 in an amount to be proven at trial, such claim is

26  solely related to alleged damages stemming from Kern County

27  Superior Court Case No. S-1500-CV-274678-SPC (Please see a true

28

2

and correct copy of the Plaintiff's claim filed in KCSC Case no.

BPB-16-003230 attached as **Exhibit "A"** and incorporated by

reference.)

8.    Nothing in the Plaintiff's claim refers to the instant

malicious prosecution case or any alleged damages arising

therefrom.

9.    As such, the damages requested in Kern County Superior

Court Case No. BCV-17-101982 (American Safety Services, Inc. v.

Johnson) are new damages alleged by the Moseley's which are

above and beyond amounts specified in each of the Moseley filed

claims against the Estate of Lloyd Dennis Johnson.

10.    Therefore, under California Probate Code section 9351,

the filing of a separate claim with regard to the damages sought

in Kern County Superior Court Case No.BCV-17-101994 must have

occurred prior to the filing of their malicious prosecution

complaint.

11.    Even if the Plaintiff attempted to file a claim at

this stage in order to commence a new action, that action would

now be barred by Code of Civil Procedure section 366.2, which

provides that such action against the decedent's estate must be

filed within one-year after the date of death of the decedent.

12.    Moreover, an action barred by California Code of Civil

Procedure section 366.2 would likewise be invalid under Probate

3

1  Code section 9100 et seq. (See Probate code section 9100(c),

2  which provides that no claim barred by CCP section 366.2 is

3  tolled, extended or revived).

4

5       13.  Accordingly, the Plaintiff, American Safety Services,

6  Inc., improperly brought the instant case in violation of

7  Probate code section 9351 and is now barred from filing a new

8  claim and action to cover damages alleged in this case.

9       I declare under penalty of perjury under the laws of the

10 State of California that the foregoing is true and correct.

11

12 Date:  _1-29-18_                    _____

13                                    Joseph S. Pearl

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4

# Exhibit "A"

DE-172

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, state bar number, and address):*<br>Nathan M. Hodges, SBN 277935<br>1226 Chester Avenue<br>Bakersfield, CA 93301 | TELEPHONE AND FAX NOS.: | FOR COURT USE ONLY |
|---|---|---|

ATTORNEY FOR *(Name):* American Safety Services, Inc.

**FILED**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF KERN

JUN 16 2017

TERRY ~~McNALLY~~, CLERK
BY _____ DEPUTY

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Kern
STREET ADDRESS: 1215 Truxtun Avenue
MAILING ADDRESS:
CITY AND ZIP CODE: Bakersfield, CA 93301
BRANCH NAME: Metropolitan Division

ESTATE OF *(Name):*

Lloyd D. Johnson
DECEDENT

| CREDITOR'S CLAIM | CASE NUMBER:<br>BPB-16-003230 |
|---|---|

You must file this claim with the court clerk at the court address above before the LATER of (a) four months after the date letters (authority to act for the estate) were first issued to the personal representative, or (b) sixty days after the date the *Notice of Administration* was given to the creditor, if notice was given as provided in Probate Code section 9051. You must also mail or deliver a copy of this claim to the personal representative and his or her attorney. A proof of service is on the reverse.
**WARNING:** Your claim will in most instances be invalid if you do not properly complete this form, file it on time with the court, and mail or deliver a copy to the personal representative and his or her attorney.

1. Total amount of the claim: $ to proved at trial
2. Claimant *(name):* American Safety Services, Inc.
   a. ☐ an individual
   b. ☐ an individual or entity doing business under the fictitious name of *(specify):*
   c. ☐ a partnership. The person signing has authority to sign on behalf of the partnership.
   d. ☑ a corporation. The person signing has authority to sign on behalf of the corporation.
   e. ☐ other *(specify):*
3. Address of claimant *(specify):* 3215 Fruitvale Avenue, Bakersfield, CA 93308

4. Claimant is  ☑ the creditor  ☐ a person acting on behalf of creditor *(state reason):*

5. ☐ Claimant is  ☐ the personal representative  ☐ the attorney for the personal representative.
6. I am authorized to make this claim which is just and due or may become due. All payments on or offsets to the claim have been credited. Facts supporting the claim are  ☑ on reverse  ☐ attached.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: 04/12/2017

Gene Moseley
.........................
(TYPE OR PRINT NAME AND TITLE)

▶ _____
(SIGNATURE OF CLAIMANT)

**INSTRUCTIONS TO CLAIMANT**

A. On the reverse, itemize the claim and show the date the service was rendered or the debt incurred. Describe the item or service in detail, and indicate the amount claimed for each item. Do not include debts incurred after the date of death, except funeral claims.
B. If the claim is not due or contingent, or the amount is not yet ascertainable, state the facts supporting the claim.
C. If the claim is secured by a note or other written instrument, the original or a copy must be attached *(state why original is unavailable.)* If secured by mortgage, deed of trust, or other lien on property that is of record, it is sufficient to describe the security and refer to the date or volume and page, and county where recorded. *(See Prob. Code, § 9152.)*
D. Mail or take this original claim to the court clerk's office for filing. If mailed, use certified mail, with return receipt requested.
E. Mail or deliver a copy to the personal representative and his or her attorney. Complete the *Proof of Mailing or Personal Delivery* on the reverse.
F. The personal representative or his or her attorney will notify you when your claim is allowed or rejected.
G. Claims against the estate by the personal representative and the attorney for the personal representative must be filed within the claim period allowed in Probate Code section 9100. See the notice box above.

**(Continued on reverse)**

| Form Approved by the<br>Judicial Council of California<br>DE-172 [Rev. January 1, 1998] | **CREDITOR'S CLAIM**<br>**(Probate)** | Probate Code, §§ 9000 et seq., 9153 |
|---|---|---|

| ESTATE OF (Name): | | CASE NUMBER: |
|---|---|---|
| Lloyd D. Johnson | DECEDENT | BPB-16-003230 |

**FACTS SUPPORTING THE CREDITOR'S CLAIM**
☐ See attachment (if space is insufficient)

| Date of item | Item and supporting facts | Amount claimed |
|---|---|---|
| On or about July 2006 | Decedent withdrew $100,000 from Claimant's bank account and then loaned said amount back to Claimant with 8% interest rate. Claimant paid $110,000 to Decedent over the course of an 8 year period of time. Additionally, Decedent made various short term loans to Claimant, which through oversight were overpaid. | Upon Proof at trial |
| On or about June 2006 | Decedent changed the mailing address of Claimant for the Claimant's 2005 federal tax return, which resulted in Claimants refund being sent to Decedent. Decedent failed to provide said tax return to Claimant. | Upon Proof at trial |
| | Both of the above claims are subject to litigation in the Kern County Superior Court, Case No. S-1500-CV-274678 SPC | |
| | TOTAL: | $ |

**PROOF OF** ☐ **MAILING** ☐ **PERSONAL DELIVERY** **TO PERSONAL REPRESENTATIVE**
*(Be sure to mail or take the original to the court clerk's office for filing)*

1. I am the creditor or a person acting on behalf of the creditor. At the time of mailing or delivery I was at least 18 years of age.
2. My residence or business address is (specify): 1226 Chester Avenue, Bakersfield, CA 93301

3. I mailed or personally delivered a copy of this Creditor's Claim to the personal representative as follows (check either a or b below):
   a. ☐ Mail. I am a resident of or employed in the county where the mailing occurred.
      (1) I enclosed a copy in an envelope AND
         (a) ☐ deposited the sealed envelope with the United States Postal Service with the postage fully prepaid.
         (b) ☐ placed the envelope for collection and mailing on the date and at the place shown in items below following our ordinary business practices. I am readily familiar with this business' practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service in a sealed envelope with postage fully prepaid.
      (2) The envelope was addressed and mailed first-class as follows:
         (a) Name of personal representative served: Michael Johnson
         (b) Address on envelope: 12101 Red Rose Way
                                    Bakersfield, CA 93312
      (c) Date of mailing:
      (d) Place of mailing (city and state): Bakersfield, CA
   b. ☐ Personal delivery. I personally delivered a copy of the claim to the personal representative as follows:
      (1) Name of personal representative served:
      (2) Address where delivered:

      (3) Date delivered:
      (4) Time delivered:

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.
Date: 04/12/2017

Grene Moseley ▶ _____
(TYPE OR PRINT NAME OF CLAIMANT)              (SIGNATURE OF CLAIMANT)

DE-172 (Rev. January 1, 1998)         **CREDITOR'S CLAIM**         Page two
                                         **(Probate)**

## PROOF OF SERVICE
### (1013a, 2015.5)

I am employed in the county of Kern, State of California. I am over the age of 18 and not a party to the within action; my business address is: 1226 Chester Avenue, Bakersfield, CA 93301.

On **June 15, 2017**, I served the foregoing documents described as: **CREDITOR'S CLAIM**

on the interested parties in this action by placing a true copy thereof enclosed in sealed envelopes and/or packages addressed as follows:

Michael Johnson                                    Petitioner for the Estate of Lloyd D. Johnson
12101 Red Rose Way
Bakersfield, CA 93312

Joseph S. Pearl                                    Attorneys for Petitioner Michael Johnson
Joseph S. Pearl, LLM, a Professional
Law Corporation
1400 Chester Avenue, Suite 1
Bakersfield, CA 93301

__X__  BY MAIL:  I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would deposited with U.S. Postal Service on that same day with postage thereon fully prepaid at Bakersfield, California in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than 1 day after date of deposit for mailing in affidavit.

____  BY OVERNIGHT DELIVERY: I served such envelope or package to be delivered on the same day to an authorized courier or driver authorized by the express service carrier to receive documents, in an envelope or package designated by the express service carrier.

____  BY FACSIMILE:  I served said document(s) to be transmitted via facsimile pursuant to Rule 2008 of the California Rules of Court. The telephone number of the sending facsimile machine was (XXX) XXX-XXXX. The name(s) and facsimile machine telephone number(s) of the person(s) served are set forth in the service list. A transmission report was properly issued by the sending facsimile machine, and the transmission was reported as complete and without error.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on June 15, 2017, at Bakersfield, California.

Nathan Hodges

**PROOF OF SERVICE**

**STATE OF CALIFORNIA, COUNTY OF KERN**

I am a citizen of the United States and a resident of the County of Kern, State of California. I am over the age of 18 and not a party to the within action; my business address is 1400 Chester, Ste. I, Bakersfield, California 93301. My e-mail address is jpearl@jpearlaw.com

On **JANUARY 29, 2018**, I served the foregoing document described as follows:

NOTICE OF MOTION AND MOTION TO QUASH SERVICE OF SUMMONS AND COMPLAINT; DECLARATION OF MICHAEL JOHNSON; DECLARATION OF JOSEPH S. PEARL; EXHIBITS

__X__        by placing the true copies thereof as stated on the attached Service List

_____        by placing the original addressed as stated on the attached Service List.

__X__        **BY MAIL**    I enclosed such documents in sealed envelope(s) with the name(s) and address(s) of the person(s) served as shown on the envelope(s) and caused such envelopes to be deposited in the mail at Bakersfield, California. The envelope(s) was/were mailed with postage thereon fully prepaid. I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. It is deposited with the U.S. postal service on that same day in the ordinary course of business. I am aware that on motion of party, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

_____**ELECTRONIC SERVICE:**    On _____ at _____ p.m. the documents listed above were served electronically to _____ at the following e-mail address: _____ .com

_____    **BY FACSIMILE**    I placed such document in a facsimile machine (pursuant to California Rules of court, Rule 2.301(3) on _____, at _____, with the fax number of (661) _____. Upon facsimile transmission of the document, I obtained a report from the transmitting facsimile machine stating that the facsimile transmission was complete and without error. A copy of the transmission report is attached to this Proof of Service pursuant to California Rules of Court, Rule 2.306(g).

1

2      ____  By second day delivery via Federal Express.

3
       ____  **BY PERSONAL SERVICE**    I caused such envelope(s) to be delivered by hand to the
4             offices of the addressee(s).

5

6    Executed on January 29, 2018 at Bakersfield, California

7

8           I declare under penalty of perjury under the laws of the State of California that the above

9    is true and correct.

10

11

12                                                    _____
                                                      Joseph S. Pearl
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2                                        **SERVICE LIST**

3                                 **KCSC NO. BCV-17-101982**

4    Nathan M. Hodges
5    Hodges Law Group
     1226 Chester Ave.
6    Bakersfield, CA 93301

7
     American Safety Services, Inc
8    3215 Fruitvale Ave
     Bakersfield, California 93308
9
     Christman, Kelley and Clark
10   301 South Coleman
11   Street Suite 20
     Prosper, Texas 75078
12
13   Dugan Kelley, Esq.
     301 South Coleman
14   Street Suite 20
     Prosper, Texas 75078
15
16   Matthew Clark, Esq.
     301 South Coleman
17   Street Suite 20
     Prosper, Texas 75078
18

19

20

21

22

23

24

25

26

27

28

1 │ **Nathan M. Hodges** (State Bar Number 277935)
2 │ Hodges Law Group
  │ 1226 Chester Avenue
3 │ Bakersfield, CA  93301
  │ Phone: (661) 374-4046
4 │ Fax: (661) 374-8807

FILED
SUPERIOR COURT, METROPOLITAN DIVISION
COUNTY OF KERN

FEB 1 5 2018

TERRY McNALLY, CLERK
BY _____, DEPUTY

6 │ **Attorneys for** defendant American Safety Services, Inc.

8 │ **SUPERIOR COURT OF CALIFORNIA, COUNTY OF KERN**

9 │ **METROPOLITAN DIVISION**

11 │ AMERICAN SAFETY SERVICES, INC., a ) Case No.  BCV-17-101982
   │ California corporation, )
12 │ ) **OPPOSITION TO MOTION TO QUASH**
   │ ) **SERVICE OF SUMMONS AND**
13 │            Plaintiff, ) **COMPLAINT**
   │ vs. )
14 │ )
15 │ MICHAEL JOHNSON,  personal representative )
   │ of the estate of LLOYD JOHNSON, ) Date:    March 1, 2018
16 │ CHRISTMAN, KELLEY AND CLARKE, a ) Time:    8:30 a.m.
   │ Professional Corporation; MATHEW CLARKE, ) Dept.:    10
17 │ an individual; DUGAN KELLEY, an individual, ) Judge:   Honorable Stephen D. Schuett
   │ and DOES 1 through 20, inclusive ) Action Filed: August 25, 2017
18 │ )
19 │            Defendants. )
   │ )
20 │ )

21 │ **I.      FACTUAL BACKGROUND**
22 │
   │     In 2007, Michael Johnson filed a lawsuit in Santa Barbara County against Lloyd and Polly
23 │
   │ Johnson, Gene and Michelle Moseley, and ASSI, and Lloyd and Polly Johnson filed an unlawful detainer
24 │
   │ action against Michael Johnson (collectively referred to as the "Santa Barbara litigation").
25 │
   │     Shortly after the Santa Barbara litigation was filed, the parties agreed to mediation.  At the
26 │
   │ mediation, the parties reached a global resolution of all litigation pending between them (hereinafter the
27 │
   │ "Settlement Agreement").  The Settlement Agreement required Lloyd and Polly Johnson, the Moseleys,
28 │

1
OPPOSITION TO MOTION TO QUASH SERVICE

Hodges Law Group
1226 Chester Avenue
Bakersfield, CA 93301
(661) 374-4046

and ASSI to "collectively" pay Michael Johnson the sum of $255,000, and required Michael Johnson to transfer his 10% ownership interest in ASSI to Lloyd Johnson.

The parties signed the written Settlement Agreement at the mediation. Thereafter, Michael Johnson received payment of the $255,000.00 and transferred his 10% ownership in ASSI to Lloyd Johnson.

On or about May 19, 2009, Lloyd Johnson, by way of his attorney, R. Christopher Kroes, sent a letter to the Moseleys wherein he demanded that the Moseleys repay Lloyd Johnson for the Moseleys' alleged portion of the $255,000 Settlement Agreement amount (i.e. $170,000).

Neither the Moseleys, nor ASSI made any payment to Lloyd Johnson pursuant to the demand. Thereafter, over two years after the May 19, 2009 demand was made, on July 15, 2011, Michael Johnson, as assignee of Lloyd Johnson, filed the underlying action against ASSI, and Gene and Michelle Moseley in the Kern County Superior Court entitled *Johnson v. Moseley, et al.,* case number S-1500-CV-274173 (hereinafter the "Action") for breach of written contract and common counts.

After multiple demurrers, amended complaints, and a revocation of the assignment, on May 20, 2015, Lloyd Johnson filed a Third Amended Complaint in the underlying action, which eliminated all previous causes of action and alleged five new causes of action. That Third Amended Complaint was signed by Matthew Mong, Esq. of Christman, Kelley & Clarke, PC, counsel of record for Plaintiff in the underlying action.

In response to that Third Amended Complaint, ASSI filed a demurrer, which was sustained without leave to amend as to all causes of action except Breach of Oral Contract. Thus, the Breach of Oral Contract cause of action was all that remained.

Based on deficiencies in the Underlying Action's Third Amended Complaint, on or about November 5, 2015, ASSI filed a Motion for Summary Judgment. This Motion was heard on or about January 29, 2015.

Additionally, beyond the filing of the above referenced Summary Judgment Motion, ASSI provided notice of the defective factual and legal foundation of the Third Amended Complaint to Defendants by letter dated December 9, 2015, which attached a copy of ASSI's Code of Civil Procedure 128.7 Motion and advised that the 128.7 Motion would be filed with the Court if Mr. Mong

1  failed to withdraw the Third Amended Complaint within 21 days, or by November 30, 2015. Because

2  the Third Amended Complaint was not withdrawn, ASSI filed the 128.7 Motion, which was heard and

3  taken under submission on or about February 2, 2016.

4      While the Court has ASSI's 128.7 Motion under submission, on or about April 13, 2016, the

5  Court granted ASSI's Motion for Summary Judgment on the Underlying Action.

6      Thereafter, after a lengthy appeal process wherein Lloyd Johnson failed to file his opening brief,

7  on or about August 22, 2017, the Fifth Appellate District dismissed the appeal and a remittitur was entered

8  on August 22, 2017.

9      This Action was then filed three days later, on August 25, 2018, two days before the one year

10  anniversary of Lloyd Johnson's death.

11  **II.    LEGAL ANALYSIS**

12      **a.  Strick Adherence to the Probate Code Would Have Caused ASSI, in Filing this
13          Action, to Violate the Statute of Limitations Promulgated in *CCP* §366.2**

14      *Code of Civil Procedure* §366.2, provides a one year statute of limitations for the filing of the

15  instant Complaint against decedent Lloyd Johnson. Thus, because Lloyd Johnson died on August 27,

16  2016, under this statute, ASSI had until August 27, 2017 to file its Complaint.

17      However, *Probate Code* 9351 states: "an action may not be commenced against a decedents

18  personal representative on a cause of action against the decedent unless a claim is first filed as provided

19  in this part and the claim is rejected in whole or in part." Thus, this section of the probate code appears

20  to forbid ASSI from filing the instant action until the claim for damages alleged within this action

21  were rejected. However, this case involves a claim for malicious prosecution where *final adjudication*

22  *on the merits of the underlying action in ASSI's favor is an element of the tort* and the *appeal of the*

23  *granting of ASSI's Summary Judgment on the underlying action prevented the required element of a*

24  *final adjudication from occurring until Remittur on Appeal was Issued on August 22, 2017.* Thus, the

25  filing of a malicious prosecution cause of action, or a creditor's claim for damages sought within a

26  malicious prosecution cause of action would have been premature prior to a final adjudication of the

27  underlying action. (*Friedman v. Stadum* (1985) 171 Cal.App.3d 775, 778–779.)  Accordingly, the

28

instant malicious prosecution cause of action, and any creditor's claim based on the damages suffered therefrom, had not accrued prior to August 22, 2017.

Based on the foregoing, and as explained in detail below, if ASSI have waited to file a creditor's claim on the damages sought in the instant complaint until those damages had accrued (i.e. after it was finally determined that ASSI was the prevailing party in the underlying action), *CCP* §366.2 would have barred the filing of the instant action.

### i.  Law and Procedure Governing Creditor's Claims

*Probate Code* §9100 promulgates the timeframe in which to file a proper creditor's claim. That section states, in relevant part:

> "(a)  A creditor shall file a claim before expiration of the later of the following times:
>
> (1)  Four months after the date letters are first issued to a general personal representative.
>
> (2)  Sixty days after the date notice of administration is mailed or personally delivered to the creditor. ***Nothing in this paragraph extends the time provided in Section 366.2 of the Code of Civil Procedure...***
>
> (c)  Nothing in this section shall be interpreted to extend or toll any other statute of limitations or to revive a claim that is barred by any statute of limitations. ***The reference in this subdivision to a "statute of limitations" includes Section 366.2 of the Code of Civil Procedure.***" (Emphasis added.)

Based on this statute, a creditor's claim for the damages sought in the instant action could be filed before the expiration of either four months after December 5, 2017, the date Michael Johnson was appointed personal representative of Lloyd Johnson's estate, or 60 days after a notice of administration is mailed or personally delivered to ASSI. Here, because no notice of administration has been mailed or personally delivered to ASSI, notwithstanding the statute of limitations set in *CCP* §366.2, ASSI is still within the time period to file a creditor's claim for the damages claimed in the instant action.

Further, *Probate Code* §9256 states: If within 30 days after a claim is filed the personal representative or the court or judge has refused or neglected to act on the claim, the refusal or neglect may, at the option of the creditor, be deemed equivalent to giving a notice of rejection on the 30th day.

1

2

If the creditor's claim is rejected, *Probate Code* §9250 provides the proper manner in which to provide notice to the creditor of such rejection. That section states, in relevant part:

3

4

"(a) When a claim is filed, the personal representative shall allow or reject the claim in whole or in part.

5

6

7

(b) The allowance or rejection shall be in writing. The personal representative shall file the allowance or rejection with the court clerk and give notice to the creditor as provided in Part 2 (commencing with Section 1200 ) of Division 3, together with a copy of the allowance or rejection.

8

9

(c) The allowance or rejection shall contain the following information:...
(8) A statement that the creditor has 90 days in which to act on a rejected claim."

10

### ii. Analysis of Probate Code §§9100, 9250, 9256 and 9351

11

12

13

14

Here, as stated above, Lloyd Johnson died on August 27, 2016. Thereafter, almost one year later, on August 22, 2017, the Court of Appeal issued its Remittur on Appeal of the underlying action. Thus, ASSI became the prevailing party in the underlying action and could, only at that point in time, seek to obtain damages from Lloyd Johnson for malicious prosecution.

15

16

17

Three days after becoming the prevailing party in the underlying action, and just two days prior to the *CCP* §366.2 statute of limitations expiring, ASSI filed the instant Complaint without filing a creditor's claim.

18

19

20

21

22

23

24

25

A claim, if filed, could not have been treated as rejected by ASSI for a minimum of 30 days (*Probate Code* §9256), and could not have been rejected by Lloyd Johnson's personal representative until after December 5, 2017, the date Michael Johnson was appointed personal representative. Accordingly, assuming ASSI had filed a creditor's claim on the date Remitter was Issued, strict adherence to the *Probate Code* would have caused ASSI to delay the filing of this action until, at a minimum, September 21, 2017 (30 days after Remittur was Issued), which is beyond the date the statute of limitations, set by *CCP* §366.2, runs. Additionally, once rejected, ASSI would have only had 90 days in which to file a Complaint.

26

27

28

Thus, ASSI was left in the position of either timely filing the instant action without a creditor's claim, or filing a creditor's claim, waiting for the claim to be rejected, and then have the claim potentially barred by *CCP* §366.2's one (1) year statute of limitations.

**b.  If the Court finds that the claim-filing statute applies, the Court should likewise conclude that equity excuses noncompliance.**

Where appropriate, equity can vitiate the creditor-claim statute. (*Satterfield v. Garmire* (1967) 65 Cal.2d 638; See also *Estate of Prindle* (2009) 173 Cal.App.4th 119.) Here it would be inequitable to not allow ASSI's claim to proceed. ASSI was placed in the position of either filing a creditor's claim after the Appellate Court Issued Remittur on Appeal, and allowing the statute of limitations to expire, or filing the lawsuit within the statute of limitations without first filing a creditor's claim. ASSI was in a no win situation, and based on that situation, decided to take the lesser of two evils road (i.e. not allowing the statute of limitations to expire).

As explained below, should ASSI have chosen the other road, and timely filed a creditor's claim, it would have likely been barred from filing the malicious prosecution cause of action. For example, assuming ASSI filed a creditor's claim the day after Lloyd Johnson died, on August 27, 2016, and that claim was rejected in whole or in part at any time between August 27, 2016, and May 23, 2017, pursuant to Probate Code §9250(c)(8), ASSI would have been required to file the malicious prosecution cause of action within 90 days of such rejection. Any such filing within 90 days of any time prior to May 23, 2017, would have been premature, as the Court of Appeal had not yet issued Remittur on Appeal in the underlying matter. Thus, by timely filing a creditor's claim, ASSI would essentially be gambling that such a claim would not be rejected prior to May 23, 2017.

**c.  ASSI May Still File a Creditor's Claim and Refile this Action**

Alternatively, if this Court determines that equities are not supported with allowing this claim to proceed, ASSI respectfully requests the Court find that California *Code of Civil Procedure* §366.2 is inapplicable to this matter. That Section states:

> "(a) If a person against whom an action may be brought on a liability of the person, whether arising in contract, tort, or otherwise, and **whether accrued or not accrued**, dies before the expiration of the applicable limitations period, and the cause of action survives, an action may be commenced within one year after the date of death, and the limitations period that would have been applicable does not apply.

(b) The limitations period provided in this section for commencement of an action shall not be tolled or extended for any reason except as provided in any of the following, where applicable:

1) Sections 12, 12a, and 12b of this code.

2) Part 4 (commencing with Section 9000) of Division 7 of the Probate Code (creditor claims in administration of estates of decedents).

3) Part 8 (commencing with Section 19000) of Division 9 of the Probate Code (payment of claims, debts, and expenses from revocable trust of deceased settlor).

4) Former Part 3 (commencing with Section 21300) of Division 11 of the Probate Code (no contest clauses), as that part read prior to its repeal by Chapter 174 of the Statutes of 2008.

(c) This section applies to actions brought on liabilities of persons dying on or after January 1, 1993." (Emphasis Added.)

As Emphasized above, Section 366.2 includes the phrase "whether accrued or not accrued." The Court of Appeal in *Dacey v. Taraday* (2011) 196 Cal.App.4th, 962, clarified that the words "not accrued" referred to claims fully accrued, but not accrued until after the decedent's death under the delayed discovery rule. (*Id.* at 983.) Said another way, the breach or misconduct must occur prior to the decedent's death, but the claim does not have to be discovered while the decedent is alive. (*Id* at 982.)

Here, the requisite cause of action did not accrue prior to the Decedent's death. This case involves a claim for malicious prosecution where final adjudication on the merits in the malicious prosecution plaintiff's favor is an element of the tort and where an appeal prevents the required element of a final adjudication from accruing. The pendency of an appeal from the judgment in the underlying action prevents the maintenance of a malicious prosecution action based on that judgment." (*Feld v. Western Land & Development Co.* (1992) 2 Cal.App.4th 1328, 1334; see also *Rare Coin Galleries Inc. v. A-Mark Coin Co., Inc.* (1988) 202 Cal.App.3d 330, 335 ["the pendency of an appeal from the judgment in the underlying action prevents the maintenance of a malicious prosecution action based on that judgment"]; *Gibbs v. Haight, Dickinson, Brown & Bonesteel* (1986) 183 Cal.App.3d 716, 721 [" 'a civil action for malicious prosecution will not lie while an appeal in the underlying action is

OPPOSITION TO MOTION TO QUASH SERVICE

Hodges Law Group
1226 Chester Avenue
Bakersfield, CA 93301
(661) 374-4046

pending'"].) Put simply, accrual cannot occur where the plaintiff does not have the right to maintain an action. "Generally, a cause of action accrues when, under the substantive law, the wrongful act is done and liability arises, i.e., when a suit may be brought." (*Menefee v. Ostawari* (1991) 228 Cal.App.3d 239, 245.)

Based on the foregoing, in order for *CCP* §366.2 to apply, accrual of the Malicious Prosecution Cause of Action would have required that Remittur on Appeal be issued prior to Lloyd Johnson's death. Here, as explained above, Remittur on Appeal for the underlying action was issued almost one year after Lloyd Johnson had passed away. Accordingly, no cause of action for Malicious Prosecution could have been asserted against Lloyd Johnson during his lifetime and *CCP* §366.2 is inapplicable.

### CONCLUSION

ASSI respectfully requests that, if the Court determines that the claim-filing statute applies, the Court likewise conclude that equity excuses non-compliance. In the alternative, if the Court finds that equity does not excuse non-compliance with the claim-filing statute, ASSI respectfully requests that the Court find that *CCP* §366.2 does not apply to this Complaint and allow ASSI to dismiss Michael Johnson, as personal representative of the estate of Lloyd Johnson without prejudice.

Date: February 15, 2017

HODGES LAW GROUP

By: _____
Nathan M. Hodges, Esq.
Attorney for American Safety Services, Inc.

## PROOF OF SERVICE
(1013a, 2015.5)

I am employed in the county of Kern, State of California. I am over the age of 18 and not a party to the within action; my business address is: 1226 Chester Avenue., Bakersfield, CA 93301.

On **February 15, 2018,** I served the foregoing documents described as: **OPPOSITION TO MOTION TO QUASH SERVICE**

on the interested parties in this action by placing a true copy thereof enclosed in sealed envelopes and/or packages addressed as follows:

Michael Johnson                           Personal Representative for the Estate of Lloyd Johnson

___   BY MAIL:    I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would deposited with U.S. Postal Service on that same day with postage thereon fully prepaid at Bakersfield, California in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than 1 day after date of deposit for mailing in affidavit.

Michael Johnson                           Personal Representative for the Estate of Lloyd Johnson

___X___   BY E-MAIL:   I caused the foregoing document to be served by e-mail to the email address last given by the person so served and listed above.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on February 15, 2018, at Bakersfield, California.

Nathan Hodges

ELECTRONICALLY FILED
2/22/2018 3:48 PM
Kern County Superior Court
Terry McNally
By Gracie Goodson, Deputy

1  *Specially appearing pro se*, MICHAEL JOHNSON,
2  personal representative of the ESTATE OF
   LLOYD JOHNSON
3  623 Front Street, #5206
   Kissimmee, Florida 34747
4  (407) 897-9710

5           SUPERIOR COURT OF THE STATE OF CALIFORNIA

6         FOR THE COUNTY OF KERN – METROPOLITAN DIVISION

7

8  AMERICAN SAFETY SERVICES, INC., a          )  Case No.: BCV-17-101982 TSC
9  California corporation,                     )
                                               )
10              Plaintiff,                      )
                                               )
11                                              )  REPLY TO OPPOSITION TO MOTION FOR
   vs.                                          )  TO QUASH SERVICE OF SUMMONS AND
12                                              )  COMPLAINT
   MICHAEL JOHNSON, personal                    )
13 representative of the ESTATE OF LLOYD        )
   JOHNSON; CHRISTMAN KELLEY &                  )
14 CLARKE, a Texas corporation; DUGAN          )  Date:  March 1, 2018
   KELLEY, an individual; MATTHEW              )  Time:  8:30 a.m.
15 CLARKE, an individual; and DOES 1 through   )  Dept. 10
   20, inclusive,                              )  Judge: Hon. Stephen D. Schuett
16                                              )
17              Defendants.                      )

18

19 **I.    INTRODUCTION**

20        American Safety Services, Inc. was founded by decedent Lloyd Johnson in 1991.

21 Michelle Johnson-Moseley and her husband, Gene Moseley, are the majority shareholders of

22 American Safety Services, Inc. (The remaining shares are still in the possession of defendant,

23 Michael Johnson, despite the Moseleys' ungainly attempts to obtain them.)  Plaintiffs' opposition

24 papers are nothing more than Michelle Johnson's and her husband's brazen attempt to

25 circumvent the last will and testament of Michelle's father, Lloyd Johnson.  She was largely cut

26 out of her father's and completely cut out of her mother's will and testament in 2017 and now

27 Michelle is mad!  Defendant's Motion to Quash Service was grounded in the law while the

28 plaintiff's opposition papers are grounded in the majority shareholders of American Safety

                                              1

Services, Inc. wailing, "It's not faaair!"  The court should decline plaintiff's invitation to ignore

the plain language of the applicable statutes and grant defendant's Motion to Quash Service.

**II.    PLAINTIFF COULD HAVE, BUT DID NOT,  TOLL THE STATUTE OF LIMITATIONS SET FORTH IN CCP § 366.2 AND NO EQUITABLE RELIEF IS AVAILABLE**

In what is a comedy of errors by plaintiff starts off with the simple fact that plaintiff

could have tolled the very statute that now prevents them from maintaining this action against

defendant.

Plaintiff cites *Code of Civil Procedure* § 366.2 for setting forth "a one year statute of

limitations for the filing of the instant Complaint against decedent Lloyd Johnson." (See

Opposition to Motion, pg. 33, lines 14-15.)  Plaintiff's opposition papers also acknowledge that

*Probate Code* § 9351 requires that "an action may not commenced against a decedent's personal

representative on a cause of action against the decedent unless a claim is first filed as provided in

this part and the claim is rejected in whole or in part."  Plaintiff then argues that this isn't faaair

because they had to wait for a final adjudication of their underlying case which did not occur

until August 22, 2017.

However, plaintiff would have the court ignore the *Probate Code* § 9352 which plainly

gave plaintiff the means to file a claim and toll the statute of limitations included in Code *of Civil*

*Procedure* § 366.2 – if only they had turned the page from Probate Code §9351.  For *Probate*

*Code* § 9352(a) states:

> The filing of a claim or a petition under Section 9103 to file a claim tolls the
> statute of limitations otherwise applicable to the claim until allowance, approval,
> or rejection.

Therefore, all plaintiffs had to do was file a creditor claim and the one-year statute of

limitations related to plaintiff's malicious prosecution action would have been tolled, subject to

the further requirements under the Probate Code.  But they didn't.

So, plaintiffs try an end-run around the statute of limitations requirement found in *Code*

*of Civil Procedure* § 366.2 and ask for equitable relief.  But even that won't help them here since

REPLY TO OPPOSITION TO MOTION FOR TO QUASH SERVICE OF SUMMONS AND COMPLAINT

1   the only possible equitable relief that can be granted is through the doctrine of Equitable

2   Estoppel, which requires that a defendant must act to induce a plaintiff to not timely file a claim.

3   (See *Battuello v Battuello* (1998) 64 Cal.App.4th 842, 843; 75 Cal.Rptr.2d 548.)   Not

4   surprisingly, nowhere in plaintiff's opposition papers are any such allegations against defendant.

5
6   **III.    PLAINTIFFS ARE BARRED BY THE STATUTE OF LIMITATIONS
           INCLUDED IN PROBATE CODE § 9100**

7          Plaintiff's opposition papers admit that *Probate Code* § 9100 doesn't allow for any

8   extensions to the one year statute.  Plaintiffs then argue that the earliest that their claim could

9   have been denied would been after the statute of limitations period included in *Code of Civil*

10  *Procedure* § 366.2 would have run.  But that ignores the provisions found in *Probate Code* §

11  9352(a) recited above.  Further, plaintiff's opposition papers admit that Michael Johnson was

12  appointed as the personal representative of the estate of Lloyd Johnson on December 5, 2017.

13  Michael Johnson caused to be mailed out notices of administration to potential creditors,

14  including plaintiff on January 18, 2017 after he received Letters of Special Administrator for the

15  estate of Lloyd Johnson on January 10, 2017.  Creditor claims, by other creditors were received

16  by the estate of Lloyd Johnson beginning February 2017.(Please see the Declaration of Michael

17  A. Johnson filed concurrently).

18
19         What's more, on June 16, 2017, Plaintiff even filed a creditor claim in decedent's estate,

20  which was based on a different liability of the decedent (a true and correct copy of said claim is

21  attached as **Exhibit "A"** and incorporated by reference).  Plaintiff's assertion that they never

22  received notice is just another ploy by Michelle Johnson and her husband to get their hands on

23  any money in her father's estate.

24         Likewise, plaintiffs incorrectly cite case law for the point that only a claim accruing

25  during the life of a decedent may be maintained. (See Opposition pg. 7, lines 13-18.)  However,

26  this is a red herring.  In any case, the court in *Kizer v. Hanna* (1989) 48 Cal.3d 1, 255 Cal.Rptr.

27  412 stated, "notwithstanding the literal language of *Probate Code* § 9000, a reasonable

28

3

1  interpretation of "claim" would include liabilities arising after, as well as before, a decedent's

2  death."

3  **IV.    PLAINTIFF BLEW THE STATUTE OF LIMITATIONS INCLUDED IN**

4  **PROBATE CODE § 9100 BECAUSE THEY DIDN'T BOTHER TO READ**

5  **PROBATE CODE § 9000(a)**

6      Now for the big lie. Plaintiff's opposition papers state, "the granting of ASSI's Summary

7  Judgment on the underlying action prevented the required element of a final adjudication from

8  occurring until Remittur on Appeal was issued on August 22, 2017." However, Probate Code §

9  9000(a) states:

10          "Claim" means a demand for payment for any of the following, whether due, not

11          due, accrued or not accrued, or contingent, and whether liquidated or

            unliquidated"

12

13      Section 9000(a) clearly indicates that it doesn't matter whether or not plaintiff's claims

14  had accrued prior to filing a creditor claim. There is no "required element of a final

15  adjudication" included in *Probate Code* § 9000(a). Plaintiffs did not have to wait until August

16  22, 2017, to file a creditor's claim against the decedent. The case law cited in plaintiff's

17  opposition papers is not apposite. Plaintiffs argue that an action for malicious prosecution

18  cannot be "maintained" during the pendency of appeal. But that is not the point. The Codes cited

19  above indicate that plaintiff blew their opportunity to file a creditor claim which would allowed

20  plaintiffs time to then file a malicious prosecution action against defendant. Plaintiff's

21  complaining otherwise should be ignored by this court as it is no one's fault but their own that

22  their action cannot be maintained. Finally, accrued or not accrued causes of action against a

23  decedent that existed at the time of death must be timely filed. (See *Bradley v. Breen* (1999) 73

24  Cal.App.4th 798.)

25      Because Plaintiffs failed to adhere to the requirement included in the Probate Code

26  concerning creditor claims, the complaint should be stricken.

27  ///

28

4

V.    **CONCLUSION**

For the above stated reasons, specially appearing Defendant, Michael Johnson, personal representative of the Estate of Lloyd Johnson respectfully requests the court to grant said Defendant's Motion to Quash the Summons and Complaint filed by Plaintiff.

DATED: February 22, 2018.

By _____
Michael Johnson, personal
representative of the Estate
of Lloyd Johnson

5

1 | *Specially appearing pro se*, MICHAEL JOHNSON,
2 | personal representative of the ESTATE OF
   | LLOYD JOHNSON
3 | 623 Front Street, #5206
   | Kissimmee, Florida 34747
4 | (407) 897-9710

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF KERN – METROPOLITAN DIVISION

| AMERICAN SAFETY SERVICES, INC., a California corporation, | ) ) ) | Case No.: BCV-17-101982 |
|---|---|---|
| Plaintiff, | ) ) | |
| vs. | ) ) ) | DECLARATION OF MICHAEL A. JOHNSON IN SUPPORT OF REPLY TO OPPOSITION TO MOTION TO QUASH SERVICE OF SUMMONS AND COMPLAINT |
| MICHAEL JOHNSON, personal representative of the ESTATE OF LLOYD JOHNON; CHRISTMAN KELLEY & CLARKE, a Texas corporation; DUGAN KELLEY, an individual; MATTHEW CLARKE, an individual; and DOES 1 through 20, inclusive, | ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) ) ) ) | Date: March 1, 2018 Time: 8:30 a.m. Dept. 10 Judge: Hon. Stephen D. Schuett |

I, Michael Johnson, declare as follows:

1. I am a named defendant in this action. I have personal knowledge of the facts set forth herein and, if called as a witness, I could and would competently thereto.

2. In Lloyd Johnson's codicil to his will, I was named executor of his estate.

3. I caused to be mailed Notices Of Administration to potential creditors. including plaintiff American Safety Services, Inc on January 18, 2017 after I received Letters of Special Administrator for the estate of my father Lloyd Johnson on or about January 10, 2017. Creditor

1

DECLARATION OF MICHAEL A. JOHNSON IN SUPPORT OF REPLY TO OPPOSITION TO MOTION TO QUASH SERVICE OF SUMMONS AND COMPLAINT

1  claims, by other creditors we're received by Joseph S. Pearl, attorney representing the Estate Of

2  Lloyd Johnson beginning February 2017.( a true an correct copy of the Notice Of Administration

3
   mailed to plaintiff American Safety Services, Inc on January 18, 2017 is attached hereto as
4

5  **EXHIBIT "A"**

6
   4.  The Court issued an Order for Probate on December 5, 2017, appointing me as Executor
7
   with full powers in my father's estate in Kern County court Case No. BPB-16-003230 (a true and
8

9  correct copy of the court's order is attached hereto as **EXHIBIT "B"**

10  5.  I was granted Letters of Authority as Personal Representative for The Estate Of Lloyd

11  Johnson on December 5, 2017 in Kern County Superior court Case No. BPB-16-003230. (a true

12
    and correct copy of the Letters of Authority are attached hereto as **EXHIBIT "C".**
13

14  6.  Michelle Johnson-Moseley and her husband, Gene Moseley, we're largely left out of

15  Lloyd Johnson's codicil to his will as beneficiaries and Michelle Johnson-Moseley was left out

16
    entirely of Polly Johnson's 2017 will as a beneficiary.
17

18      I declare under penalty of perjury under the laws of the State of California that the

19  foregoing is true and correct, and that this declaration is executed on February 22, 2018, in

20  Kissimmee, Florida.

21

22

23

24                              Michael Johnson, personal
                                representative of the Estate
25                              of Lloyd Johnson

26

27

28

                                           2

# Exhibit "A"

DE-157

## NOTICE OF ADMINISTRATION
### OF THE ESTATE OF

<u>Lloyd Dennis Johnson</u>
(NAME)

### DECEDENT

### NOTICE TO CREDITORS

1.    *(Name):* Michael Johnson

    *(Address):* 12101 Red Rose Way, Bakersfield, California 93312


    *(Telephone):* 805-709-2164

    is the personal representative of the **ESTATE OF** *(name):*    Lloyd Dennis Johnson    , who is deceased.

2.    The personal representative HAS BEGUN ADMINISTRATION of the decedent's estate in the

    a. **SUPERIOR COURT OF CALIFORNIA, COUNTY OF** *(specify):* Kern
    
      STREET ADDRESS: 1215 Truxton Avenue
      MAILING ADDRESS: 1215 Truxton Avenue
      CITY AND ZIP CODE: Bakersfield 93301
      BRANCH NAME: Metropolitan Dividion Justice Building

    b.  Case number *(specify):* BPB-16-003230

3.    You must FILE YOUR CLAIM with the court clerk (address in item 2a) AND mail or deliver a copy to the personal representative before the last to occur of the following dates:

    a.  **four months after** *(date):* [                    ] , the date letters (authority to act for the estate) were first issued to a general personal representative, as defined in subdivision (b) of section 58 of the California Probate Code, OR

    b.  **60 days after** *(date):* [ January 18, 2017 ] , the date this notice was mailed or personally delivered to you,

4.    **LATE CLAIMS:** If you do not file your claim within the time required by law, you must file a petition with the court for permission to file a late claim as provided in Probate Code section 9103. Not all claims are eligible for additional time to file. See section 9103(a).

---

**EFFECT OF OTHER LAWS:** Other California statutes and legal authority may affect your rights as a creditor. You may want to consult with an attorney knowledgeable in California law.

---

**WHERE TO GET A CREDITOR'S CLAIM FORM:** If a *Creditor's Claim* (form DE-172) did not accompany this notice, you may obtain a copy of the form from any superior court clerk or from the person who sent you this notice. You may also access a fillable version of the form on the Internet at *www.courts.ca.gov/forms* under the form group Probate—Decedents' Estates.  A letter to the court stating your claim is *not* sufficient.

**FAILURE TO FILE A CLAIM:** Failure to file a claim with the court and serve a copy of the claim on the personal representative will in most instances invalidate your claim.

**IF YOU MAIL YOUR CLAIM:** If you use the mail to file your claim with the court, for your protection you should send your claim by certified mail, with return receipt requested. If you use the mail to serve a copy of your claim on the personal representative, you should also use certified mail.

---

**Note:** To assist the creditor and the court, please send a blank copy of the *Creditor's Claim* form with this notice.

---

(Proof of Service by Mail on reverse)                                        Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
DE-167 [Rev. January 1, 2013]

**NOTICE OF ADMINISTRATION TO CREDITORS**
**(Probate—Decedents' Estates)**

Probate Code, §§ 9050, 9052
www.courts.ca.gov

DE-157

| ESTATE OF *(Name):* | CASE NUMBER: |
|---|---|
| Lloyd Dennis Johnson                                    DECEDENT | BPB-16-003230 |

**[Optional]**
**PROOF OF SERVICE BY MAIL**

1. I am over the age of 18 and not a party to this cause. I am a resident of or employed in the county where the mailing occurred.
2. My residence or business address is *(specify):* 2553 S Samoran, Blv Apt 1931
   Orlando, FL 32822

3. I served the foregoing *Notice of Administration to Creditors*  ☑  and a blank *Creditor's Claim* form*  on each person named below by enclosing a copy in an envelope addressed as shown below AND
   a. ☑  depositing the sealed envelope with the United States Postal Service with the postage fully prepaid.
   b. ☐  placing the envelope for collection and mailing on the date and at the place shown in item 4 following our ordinary business practices. I am readily familiar with the business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service in a sealed envelope with postage fully prepaid.

4. a. Date of deposit: January 18, 2017  b. Place of deposit *(city and state):*  Orlando, FL.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: January 18, 2017

Johanna Salas

(TYPE OR PRINT NAME)                                         ▶                    (SIGNATURE OF DECLARANT)

**NAME AND ADDRESS OF EACH PERSON TO WHOM NOTICE WAS MAILED**

| | Name of person | Address *(number, street, city, state, and zip code)* |
|---|---|---|
| 1. | American Safety Services, Inc | 3209 Landco Drive, Bakersfield, California 93308 |
| 2. | | |
| 3. | | |
| 4. | | |
| 5. | | |
| 6. | | |
| 7. | | |
| 8. | | |

☐  List of names and addresses continued in attachment. *(You may use form POS-30(P) to show additional persons to whom a copy of this notice was mailed. Do not use form form POS-030(P) to show that you personally delivered a copy of this notice to a creditor. You may use forms POS-020 and POS-020(P) for that purpose.)*

***NOTE:** To assist the creditor and the court, please send a blank copy of the Creditor's Claim (form DE-172) with the notice.*

| DE-157 [Rev. January 1, 2018] | **NOTICE OF ADMINISTRATION TO CREDITORS**<br>**(Probate—Decedents' Estates)** | Page 2 of 2 |
|---|---|---|

**EXHIBIT "B"**

DE-150

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, state bar number, and address): | TELEPHONE AND FAX NOS.: | FOR COURT USE ONLY |
|---|---|---|

**ATTORNEY OR PARTY WITHOUT ATTORNEY** (Name, state bar number, and address):
Joseph S. Pearl, Esq.   (SBN: 250177)
Joseph S. Pearl, LL.M - APLC
1400 Chester Ave., Suite I
Bakersfield, California 93301

TELEPHONE AND FAX NOS.: (661) 281-0253
F:(661) 281-0254

FOR COURT USE ONLY

OCT 26 2017

FILED
SUPERIOR COURT, METROPOLITAN DIVISION
COUNTY OF KERN

DEC 05 2017

TERRY McNALLY, CLERK
BY _____ DEPUTY

**ATTORNEY FOR** (Name): Michael A. Johnson

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** KERN
STREET ADDRESS: 1215 Truxtun Ave.
MAILING ADDRESS: 1215 Truxtun Ave.
CITY AND ZIP CODE: Bakersfield, CA 93301
BRANCH NAME: Metropolitan Division/Justice Building

**ESTATE OF** (Name): LLOYD D. JOHNSON, also known as
Lloyd Dennis Johnson and Lloyd Johnson, DECEDENT

CASE NUMBER: BPB-16-003230

**LETTERS**

[X] TESTAMENTARY   [ ] OF ADMINISTRATION
[ ] OF ADMINISTRATION WITH WILL ANNEXED   [ ] SPECIAL ADMINISTRATION

**LETTERS**

1. [X] The last will of the decedent named above having been proved, the court appoints (name):
Michael A. Johnson
   a. [X] executor.
   b. [ ] administrator with will annexed.

2. [ ] The court appoints (name):
   a. [ ] administrator of the decedent's estate.
   b. [ ] special administrator of decedent's estate
      (1) [ ] with the special powers specified in the Order for Probate.
      (2) [ ] with the powers of a general administrator.
      (3) [ ] letters will expire on (date):

3. [X] The personal representative is authorized to administer the estate under the Independent Administration of Estates Act  [X] with full authority
   [ ] with limited authority (no authority, without court supervision, to (1) sell or exchange real property or (2) grant an option to purchase real property or (3) borrow money with the loan secured by an encumbrance upon real property).

4. [ ] The personal representative is not authorized to take possession of money or any other property without a specific court order.

WITNESS, clerk of the court, with seal of the court affixed.

(SEAL)
Date: DEC 05 2017
Clerk, by TERRY McNALLY
_____ (DEPUTY)

**AFFIRMATION**

1. [ ] PUBLIC ADMINISTRATOR: No affirmation required (Prob. Code, § 7621(c)).

2. [X] INDIVIDUAL: I solemnly affirm that I will perform the duties of personal representative according to law.

3. [ ] INSTITUTIONAL FIDUCIARY (name):
   I solemnly affirm that the institution will perform the duties of personal representative according to law. I make this affirmation for myself as an individual and on behalf of the institution as an officer.
   (Name and title):

4. Executed on (date): 10-20-2017
   at (place): Bakersfield                    , California.

_____ (SIGNATURE)

**CERTIFICATION**

I certify that this document is a correct copy of the original on file in my office and the letters issued the personal representative appointed above have not been revoked, annulled, or set aside, and are still in full force and effect.

(SEAL)
Date: DEC 06 2017
Clerk, by TERRY McNALLY
_____ (DEPUTY)
D. NEBRIDA

Form Approved by the Judicial Council of California
DE-150 [Rev. January 1, 1998]
Mandatory Form [1/1/2000]

**LETTERS**
(Probate)

Probate Code, §§ 1001, 8403, 8405, 8544, 8545;
Code of Civil Procedure, § 2015.6

# EXHIBIT "C"

DE-140

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, state bar number, and address): | TELEPHONE AND FAX NOS.: | FOR COURT USE ONLY |
|---|---|---|

Stephen L. Snow          116250   
SNOW LAW CORP.   
28212 Kelly Johnson Parkway, Suite 195   
Valencia,          CA   91355   
ATTORNEY FOR (Name): Polly Ann Johnson and Michael A. Johnson

TELEPHONE AND FAX NOS.:   
(661)259-9443   
(661)259-9393

**FILED**   
KERN COUNTY

JAN 1 0 2017

TERRY McNALLY, CLERK   
BY_____DEPUTY

SUPERIOR COURT OF CALIFORNIA, COUNTY OF KERN   
STREET ADDRESS: 1215 Truxtun Avenue   
MAILING ADDRESS: 1215 Truxtun Avenue   
CITY AND ZIP CODE: Bakersfield          CA   93301   
BRANCH NAME: Metropolitan Division Justice Building

ESTATE OF (Name): Lloyd D. Johnson, also known as Lloyd Dennis Johnson and Lloyd Johnson

DECEDENT

**ORDER FOR PROBATE**

ORDER  ☐ Executor   
APPOINTING  ☐ Administrator with Will Annexed   
☐ Administrator  ☒ Special Administrator   
☐ Order Authorizing Independent Administration of Estate   
☐ with full authority ☐ with limited authority

CASE NUMBER:   
BPB-16-003230

**WARNING: THIS APPOINTMENT IS NOT EFFECTIVE UNTIL LETTERS HAVE ISSUED.**

1. Date of hearing:          Time: 9:00a.m.          Dept./Room: P          Judge:

THE COURT FINDS   
2. a. All notices required by law have been given.   
  b. Decedent died on (date): August 27, 2016   
    (1) ☒ a resident of the California county named above.   
    (2) ☐ a nonresident of California and left an estate in the county named above.   
  c. Decedent died   
    (1) ☐ intestate   
    (2) ☒ testate   
    and decedent's will dated: April 12, 1979          and each codicil dated: June 30, 1991   
    was admitted to probate by Minute Order on (date):

**SUBMITTED EX PARTE**

THE COURT ORDERS   
3. (Name): Michael A. Johnson   
  is appointed personal representative:   
  a. ☐ executor of the decedent's will          d. ☒ special administrator   
  b. ☐ administrator with will annexed            (1) ☐ with general powers   
  c. ☐ administrator            (2) ☒ with special powers as specified in Attachment 3d(2)   
            (3) ☒ without notice of hearing   
            (4) ☒ letters will expire on (date): MAR 2 3 2017

  and letters shall issue on qualification.   
4. a. ☐ Full authority is granted to administer the estate under the Independent Administration of Estates Act.   
  b. ☐ Limited authority is granted to administer the estate under the Independent Administration of Estates Act (there is no authority, without court supervision, to (1) sell or exchange real property or (2) grant an option to purchase real property or (3) borrow money with the loan secured by an encumbrance upon real property).   
5. a. ☒ Bond is not required.   
  b. ☐ Bond is fixed at: $          to be furnished by an authorized surety company or as otherwise provided by law.   
  c. ☐ Deposits of: $          are ordered to be placed in a blocked account at (specify institution and location):   
    and receipts shall be filed. No withdrawals shall be made without a court order. ☐ Additional orders in Attachment 5c.   
  d. ☐ The personal representative is not authorized to take possession of money or any other property without a specific court order.   
6. ☒ (Name): MICHAEL BURGER          is appointed probate referee.

Date:

7. Number of pages attached: 2

JUDGE OF THE SUPERIOR COURT   
☒ SIGNATURE FOLLOWS LAST ATTACHMENT

Form Approved by the Judicial Council of California   
DE-140 [Rev. January 1, 1998]   
Mandatory Form [1/1/2000]

**ORDER FOR PROBATE**

CEB          Probate Code, §§ 8006, 8400

# Attachment 3d(2)

Estate of Lloyd D. Johnson
Order Appointing Special Administrator
(Kern County Superior Court Case No. BPB-16-003230)

Attachment 3d(2)
(special powers)

Besides the powers in Probate Code §8544(a), the special administrator is granted:

1.   The power to commence and maintain actions and proceedings (including appeals) for the benefit of the estate.

2.   The power to compromise or settle a claim, action, or proceeding by or for the benefit of the estate.

3.   The power to hire legal counsel to represent the estate regarding any claim, action, or proceeding by or for the benefit of the estate.

4.   The power to hire experts for the benefit of the estate and to support legal counsel.

IT IS SO ORDERED.

Date: _____JAN 10 2017_____.

DAWN BITTLESTON
JUDGE PRO TEMPORE

Attachment 3d(2)

EXHIBIT "D"

DE-172

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, state bar number, and address)*: | TELEPHONE AND FAX NOS.: | FOR COURT USE ONLY |
|---|---|---|

Nathan M. Hodges, SBN 277935
1226 Chester Avenue
Bakersfield, CA 93301

ATTORNEY FOR *(Name)*: American Safety Services, Inc.

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Kern
STREET ADDRESS: 1215 Truxtun Avenue
MAILING ADDRESS:
CITY AND ZIP CODE: Bakersfield, CA 93301
BRANCH NAME: Metropolitan Division

**FILED**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF KERN

JUN 16 2017

TERRY McNALLY, CLERK
BY _____ DEPUTY

ESTATE OF *(Name)*:

Lloyd D. Johnson
DECEDENT

| CREDITOR'S CLAIM | CASE NUMBER: BPB-16-003230 |
|---|---|

You must file this claim with the court clerk at the court address above before the LATER of (a) four months after the date letters (authority to act for the estate) were first issued to the personal representative, or (b) sixty days after the date the *Notice of Administration* was given to the creditor, if notice was given as provided in Probate Code section 9051. You must also mail or deliver a copy of this claim to the personal representative and his or her attorney. A proof of service is on the reverse.

**WARNING:** Your claim will in most instances be invalid if you do not properly complete this form, file it on time with the court, and mail or deliver a copy to the personal representative and his or her attorney.

1. Total amount of the claim: $ to proved at trial
2. Claimant *(name)*: American Safety Services, Inc.
   a. ☐ an individual
   b. ☐ an individual or entity doing business under the fictitious name of *(specify)*:
   c. ☐ a partnership. The person signing has authority to sign on behalf of the partnership.
   d. ☑ a corporation. The person signing has authority to sign on behalf of the corporation.
   e. ☐ other *(specify)*:
3. Address of claimant *(specify)*: 3215 Fruitvale Avenue, Bakersfield, CA 93308

4. Claimant is ☑ the creditor ☐ a person acting on behalf of creditor *(state reason)*:

5. ☐ Claimant is ☐ the personal representative ☐ the attorney for the personal representative.
6. I am authorized to make this claim which is just and due or may become due. All payments on or offsets to the claim have been credited. Facts supporting the claim are ☑ on reverse ☐ attached.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: 04/12/2017

Gene Moseley
*(TYPE OR PRINT NAME AND TITLE)*

▶ _____
*(SIGNATURE OF CLAIMANT)*

**INSTRUCTIONS TO CLAIMANT**

A. On the reverse, itemize the claim and show the date the service was rendered or the debt incurred. Describe the item or service in detail, and indicate the amount claimed for each item. Do not include debts incurred after the date of death, except funeral claims.

B. If the claim is not due or contingent, or the amount is not yet ascertainable, state the facts supporting the claim.

C. If the claim is secured by a note or other written instrument, the original or a copy must be attached *(state why original is unavailable.)* If secured by mortgage, deed of trust, or other lien on property that is of record, it is sufficient to describe the security and refer to the date or volume and page, and county where recorded. *(See Prob. Code, § 9152.)*

D. Mail or take this original claim to the court clerk's office for filing. If mailed, use certified mail, with return receipt requested.

E. Mail or deliver a copy to the personal representative and his or her attorney. Complete the *Proof of Mailing or Personal Delivery* on the reverse.

F. The personal representative or his or her attorney will notify you when your claim is allowed or rejected.

G. Claims against the estate by the personal representative and the attorney for the personal representative must be filed within the claim period allowed in Probate Code section 9100. See the notice box above.

*(Continued on reverse)*

| Form Approved by the Judicial Council of California DE-172 [Rev. January 1, 1998] | **CREDITOR'S CLAIM** (Probate) | Probate Code, §§ 9000 et seq., 9153 |
|---|---|---|

| ESTATE OF *(Name):* Lloyd D. Johnson | DECEDENT | CASE NUMBER: BPB-16-003230 |
|---|---|---|

| | FACTS SUPPORTING THE CREDITOR'S CLAIM ☐ See attachment *(if space is insufficient)* | |
|---|---|---|
| **Date of item** | **Item and supporting facts** | **Amount claimed** |
| On or about July 2006 | Decedent withdrew $100,000 from Claimant's bank account and then loaned said amount back to Claimant with 8% interest rate. Claimant paid $110,000 to Decedent over the course of an 8 year period of time. Additionally, Decedent made various short term loans to Claimant, which through oversight were overpaid. | Upon Proof at trial |
| On or about June 2006 | Decedent changed the mailing address of Claimant for the Claimant's 2005 federal tax return, which resulted in Claimants refund being sent to Decedent. Decedent failed to provide said tax return to Claimant. | Upon Proof at trial |
| | Both of the above claims are subject to litigation in the Kern County Superior Court, Case No. S-1500-CV-274678 SPC | |
| | **TOTAL:** | $ |

**PROOF OF**  ☐ **MAILING** ☐ **PERSONAL DELIVERY**  **TO PERSONAL REPRESENTATIVE**
*(Be sure to mail or take the original to the court clerk's office for filing)*

1. I am the creditor or a person acting on behalf of the creditor. At the time of mailing or delivery I was at least 18 years of age.

2. My residence or business address is *(specify):* 1226 Chester Avenue, Bakersfield, CA 93301

3. I mailed or personally delivered a copy of this *Creditor's Claim* to the personal representative as follows *(check either a or b below):*
    a. ☐ **Mail.** I am a resident of or employed in the county where the mailing occurred.
       (1) I enclosed a copy in an envelope AND
           (a) ☑ deposited the sealed envelope with the United States Postal Service with the postage fully prepaid.
           (b) ☐ placed the envelope for collection and mailing on the date and at the place shown in items below following our ordinary business practices. I am readily familiar with this business' practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service in a sealed envelope with postage fully prepaid.
       (2) The envelope was addressed and mailed first-class as follows:
           (a) Name of personal representative served: Michael Johnson
           (b) Address on envelope: 12101 Red Rose Way
                                    Bakersfield, CA 93312
           (c) Date of mailing:
           (d) Place of mailing *(city and state):* Bakersfield, CA

    b. ☐ **Personal delivery.** I personally delivered a copy of the claim to the personal representative as follows:
       (1) Name of personal representative served:
       (2) Address where delivered:

       (3) Date delivered:
       (4) Time delivered:

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: 04/12/2017

Gene Moseley
*(TYPE OR PRINT NAME OF CLAIMANT)*                    ▶                    *(SIGNATURE OF CLAIMANT)*

DE-172 [Rev. January 1,1998]

**CREDITOR'S CLAIM**
**(Probate)**

Page two

# EXHIBIT "E"

# PROOF OF SERVICE
## (1013a, 2015.5)

I am employed in the county of Kern, State of California. I am over the age of 18 and not a party to the within action; my business address is: 1226 Chester Avenue, Bakersfield, CA 93301.

On June 15, 2017, I served the foregoing documents described as: **CREDITOR'S CLAIM**

on the interested parties in this action by placing a true copy thereof enclosed in sealed envelopes and/or packages addressed as follows:

Michael Johnson                          Petitioner for the Estate of Lloyd D. Johnson
12101 Red Rose Way
Bakersfield, CA 93312

Joseph S. Pearl                          Attorneys for Petitioner Michael Johnson
Joseph S. Pearl, LLM, a Professional
Law Corporation
1400 Chester Avenue, Suite 1
Bakersfield, CA 93301

**X** BY MAIL: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would deposited with U.S. Postal Service on that same day with postage thereon fully prepaid at Bakersfield, California in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than 1 day after date of deposit for mailing in affidavit.

____ BY OVERNIGHT DELIVERY: I served such envelope or package to be delivered on the same day to an authorized courier or driver authorized by the express service carrier to receive documents, in an envelope or package designated by the express service carrier.

____ BY FACSIMILE: I served said document(s) to be transmitted via facsimile pursuant to Rule 2008 of the California Rules of Court. The telephone number of the sending facsimile machine was (XXX) XXX-XXXX. The name(s) and facsimile machine telephone number(s) of the person(s) served are set forth in the service list. A transmission report was properly issued by the sending facsimile machine, and the transmission was reported as complete and without error.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on June 15, 2017, at Bakersfield, California.

Nathan Hodges

**PROOF OF SERVICE**

**STATE OF CALIFORNIA, COUNTY OF KERN**

I am a citizen of the United States and a resident of the County of Kern, State of California. I am over the age of 18 and not a party to the within action; my business address is 1400 Chester, Ste. I, Bakersfield, California 93301. My e-mail address is jpearl@jpearlaw.com

On **February 22, 2018**, I served the foregoing document described as follows:

REPLY TO OPPOSITION TO MOTION FOR TO QUASH SERVICE OF SUMMONS AND COMPLAINT

__X__        by placing the true copies thereof as stated on the attached Service List

_____        by placing the original addressed as stated on the attached Service List.

__X__        **BY MAIL**    I enclosed such documents in sealed envelope(s) with the name(s) and address(es) of the person(s) served as shown on the envelope(s) and caused such envelopes to be deposited in the mail at Bakersfield, California. The envelope(s) was/were mailed with postage thereon fully prepaid. I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. It is deposited with the U.S. postal service on that same day in the ordinary course of business. I am aware that on motion of party, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

_____ **ELECTRONIC SERVICE:**    On _____ at _____ p.m. the documents listed above were served electronically to _____ at the following e-mail address: _____.com

_____ **BY FACSIMILE**    I placed such document in a facsimile machine (pursuant to California Rules of court, Rule 2.301(3) on _____, at _____, with the fax number of (661) _____. Upon facsimile transmission of the document, I obtained a report from the transmitting facsimile machine stating that the facsimile transmission was complete and without error. A copy of the transmission report is attached to this Proof of Service pursuant to California Rules of Court, Rule 2.306(g).

1

____ By second day delivery via Federal Express.

2

3   ____   **BY PERSONAL SERVICE**   I caused such envelope(s) to be delivered by hand to the
offices of the addressee(s).

4

5   Executed on February 22, 2018 at Bakersfield, California

6

7   I declare under penalty of perjury under the laws of the State of California that the above

8   is true and correct.

9

10

11
_____
Joseph S. Pearl

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2
**SERVICE LIST**

3
**KCSC NO. BCV-17-101882**

4
Nathan M. Hodges
5
Hodges Law Group
1226 Chester Ave.
6
Bakersfield, CA 93301

7
American Safety Services, Inc.
8
3215 Fruitvale Ave.
Bakersfield, CA 93308
9

10
Christman, Kelley and Clark
301 South Coleman
11
Street Suite 20
Prosper, Texas 75078
12

13
Dugan Kelley
301 South Coleman
14
Street Suite 20
Prosper, Texas 75078
15

16
Matthew Clark
301 South Coleman
17
Street Suite 20
Prosper, Texas 75078
18

19

20

21

22

23

24

25

26

27

28



**Superior Court of California**
**County of Kern**
**Bakersfield Department 10**

Date:    02/23/2018                                            Time:   8:00 AM - 5:00 PM

BCV-17-101982

AMERICAN SAFETY SERVICES, INC. VS MICHAEL JOHNSON, PERSONAL REPRESENTATIVE OF THE ESTATE OF LLOYD
JOHNSON

### *Courtroom Staff*

Honorable:    Stephen D. Schuett                    Clerk:    G GOODSON

Court reporter:    NONE                              Bailiff:    NONE
Interpreter:                                        Language of:

---

### NATURE OF PROCEEDINGS: RULING

- UPON THE COURT'S OWN MOTION, THE MOTION TO QUASH SERVICE OF SUMMONS AND COMPLAINT FILED
1/29/18 AND SET FOR HEARING ON 3/1/18 IS VOID. MICHAEL JOHNSON, PERSONAL REPRESENTATIVE OF THE
ESTATE OF LLOYD JOHNSON FAILED TO PAY THE REQUIRED FIRST APPEARANCE FEE AS OF 2/22/18.

MOTION TO QUASH ON 3/1/18 IS VACATED.

MINUTE ORDER MAILED TO ALL PARTIES AS STATED ON THE ATTACHED CERTIFICATE OF MAILING.

---

*MINUTE ORDER FINALIZED BY:*    GRACIE GOODSON                              *ON:*    FEBRUARY 23, 2018

MINUTE ORDER
Page 1 of 3

AMERICAN SAFETY SERVICES, INC. VS MICHAEL JOHNSON, PERSONAL                    BCV-17-101982
REPRESENTATIVE OF THE ESTATE OF LLOYD JOHNSON

**AMERICAN SAFETY SERVICES, INC. VS MICHAEL JOHNSON, PERSONAL REPRESENTATIVE OF THE ESTATE OF LLOYD JOHNSON**
**BCV-17-101982**

### CERTIFICATE OF MAILING

The undersigned, of said Kern County, certify: That I am a Deputy Clerk of the Superior Court of the State of California, in and for the County of Kern, that I am a citizen of the United States, over 18 years of age, I reside in or am employed in the County of Kern, and not a party to the within action, that I served the *Minute Order dated February 23, 2018* attached hereto on all interested parties and any respective counsel of record in the within action by depositing true copies thereof, enclosed in a sealed envelope(s) with postage fully prepaid and placed for collection and mailing on this date, following standard Court practices, in the United States mail at Bakersfield California addressed as indicated on the attached mailing list.

Date of Mailing:        February 23, 2018

Place of Mailing:      Bakersfield, CA

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:  February 23, 2018

**Terry McNally**
CLERK OF THE SUPERIOR COURT

By:    _____
Gracie Goodson, Deputy Clerk

**AMERICAN SAFETY SERVICES, INC. VS MICHAEL JOHNSON, PERSONAL REPRESENTATIVE OF THE ESTATE OF LLOYD JOHNSON BCV-17-101982**

## MAILING LIST

MICHAEL JOHNSON PERSONAL
REPRESENTATIVE OF THE ESTATE OF LLOYD
JOHNSON
623 FRONT STREET #5206
KISSIMMEE FL  34747

NATHAN M HODGES
HODGES LAW GROUP
1226 CHESTER AVE
BAKERSFIELD CA  93301-5432

Certificate of Mailing

**PROOF OF SERVICE**

STATE OF CALIFORNIA COUNTY OF KERN:

      I am a resident of the County aforesaid; I am over the age of eighteen years and not a party to the within entitled action; my business address is **1430 Truxtun Avenue, Suite 900, Bakersfield, California, 93301.**

      On March 9, 2018, I served the within **PETITION FOR REMOVAL** on the interested party in said action, as listed below:

SEE ATTACHED MAILING LIST

( )    VIA FACSIMILE – [C.C.P. § 1013(e)]; - The telephone number of the sending facsimile machine was (661) 322-3508. The telephone(s) number of the receiving facsimile machine(s) is listed below. The Court, Rule 2004 and no error was reported by the machine. Pursuant to California Rules of Court, Rule 2006(d), the machine was caused to print a transmission record of the transmission, a copy of which is attached hereto.

( X )    BY MAIL I am readily familiar with the business' practice for collection and processing of correspondence and documents for mailing with the United States Postal Service. Under that practice, the correspondence and documents would be deposited with the United States Postal Service that same day, with postage thereon fully prepaid, in the ordinary course of business at Bakersfield, California.

( )    VIA OVERNIGHT DELIVERY on the date below stated, pursuant to CCP §1013(c)(d), I deposited such envelope with delivery fees fully prepaid with Federal Express.

( _ )    BY PERSONAL SERVICE I caused such envelope to be delivered by hand to the offices of the addressee.

      I declare, under penalty of perjury under the laws of the State of California, that the foregoing is true and correct.

      Executed on March 9, 2018, at Bakersfield, California.

_____

SUSAN RICKER

*[40930-31]*

1

MAILING LIST

Michael Johnson, Personal Representative
 of the Estate of Lloyd Johnson
623 Front Street #5206
Kissimmee, FL 34747

Nathan M. Hodges, Esq.
Hodges Law Group
1226 Chester Avenue
Bakersfield, CA 93301