Nathan M. Hodges (State Bar Number 277935)
Hodges Law Group
1226 Chester Avenue
Bakersfield, CA 93301
Phone: (661) 374-4046
Fax: (661) 374-8807

**Attorneys for** Plaintiff American Safety Services, Inc.

## UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMERICAN SAFETY SERVICES, INC., a California corporation,<br><br>                Plaintiff,<br>vs.<br><br>MICHAEL JOHNSON, personal representative of the estate of LLOYD JOHNSON, CHRISTMAN, KELLEY AND CLARKE, a Professional Corporation; MATHEW CLARKE, an individual; DUGAN KELLEY, an individual, and DOES 1 through 20, inclusive<br><br>                Defendants. | Case No. 1:18-CV-00349-DAD-JLT<br><br>**FIRST AMENDED COMPLAINT FOR:**<br>  1. **MALICIOUS PROSECUTION**<br><br>**JURY DEMAND**<br><br>Judge:     Honorable Jennifer L. Thurston<br>Action Filed: August 25, 2017 |

Plaintiff AMERICAN SAFETY SERVICES, INC. (hereinafter "ASSI") alleges as follows:

1.    ASSI is, and at all times mentioned in this Complaint was, a California Corporation, incorporated August 15, 1991, and conducting business in the State of California, County of Kern in good standing. ASSI is a closely held corporation engaged in the business of providing safety services, including consulting services, alcohol and drug testing, OSHA compliance and safety equipment and personnel for the petroleum industry.

2. Upon information and belief, at all times mentioned in this Complaint, Defendant LLOYD JOHNSON, was an individual, residing in the State of California, County of Kern. Mr. Johnson passed away on or about August 27, 2016. Mr. Johnson's son, MICHAEL JOHNSON, is the personal representative of the estate.

3. Upon information and belief, MICHAEL JOHNSON is an individual residing in the County of Kern, State of California.

4. Upon information and belief, Defendant CHRISTMAN, KELLEY, AND CLARKE, PC (hereinafter "CKC") is, and at all times mentioned in this Complaint, was a Texas Corporation authorized to conduct business as a law firm in California, and its partners are licensed to practice law in the State of California. CKC and its partners represented LLOYD JOHNSON in the underlying action.

5. Defendant DUGAN KELLEY is an attorney licensed to practice law in the State of California and is a partner at CKC.

6. Defendant MATTHEW CLARKE is an attorney licensed to practice law in the State of California and is a partner at CKC.

7. ASSI is unaware of the true names and capacities of defendants Does 1 through 20 and therefore sues such defendants by such fictitious names. ASSI will seek leave of Court to amend this Complaint to allege the true name(s) and capacity(ies) of the defendants named herein as Does 1 through 20, or each of them, when the names and capacities have been ascertained.

8. ASSI is informed and believes and thereon alleges, that at all relevant times, each of the fictitiously named defendants was the agent or employee of each of the remaining defendants, and was acting within the course and scope of said agency and employment, and with the knowledge, consent and ratification of each of the remaining defendants.

9. ASSI is informed and believes and thereon alleges, that each of the fictitiously named defendants is responsible in some manner for the occurrences herein alleged, and that ASSI's damages as herein alleged were legally caused by their conduct, actions and omissions.

Hodges Law Group
1226 Chester Avenue
Bakersfield, CA 93301
(661) 374-4046

## FACTUAL BACKGROUND

10.     In 2007, Michael Johnson filed a lawsuit in Santa Barbara County against Lloyd and Polly Johnson, Gene and Michelle Moseley, and ASSI, and Lloyd and Polly Johnson filed an unlawful detainer action against Michael Johnson (collectively referred to as the "Santa Barbara litigation").

11.     Shortly after the Santa Barbara litigation was filed, the parties agreed to mediation. At the mediation, the parties reached a global resolution of all litigation pending between them (hereinafter the "Settlement Agreement"). The Settlement Agreement required Lloyd and Polly Johnson, the Moseleys, and ASSI to "collectively" pay Michael Johnson the sum of $255,000, and required Michael Johnson to transfer his 10% ownership interest in ASSI to Lloyd Johnson.

12.     The parties signed the written Settlement Agreement at the mediation. Thereafter, Michael Johnson received payment of the $255,000.00 and transferred his 10% ownership in ASSI to Lloyd Johnson.

13.     On or about May 19, 2009, Lloyd Johnson, by way of his attorney, R. Christopher Kroes, sent a letter to the Moseleys wherein he demanded that the Moseleys repay Lloyd Johnson for the Moseleys' alleged portion of the $255,000 Settlement Agreement amount (i.e. $170,000).

14.     Neither the Moseleys, nor ASSI made any payment to Lloyd Johnson pursuant to the demand. Thereafter, over two years after the May 19, 2009 demand was made, on July 15, 2011, Michael Johnson, as assignee of Lloyd Johnson, filed the underlying action against ASSI, and Gene and Michelle Moseley in the Kern County Superior Court entitled *Johnson v. Moseley, et al.*, case number S-1500-CV-274173 (hereinafter the "Action") for breach of written contract and common counts.

15.     After multiple demurrers, amended complaints, and a revocation of the assignment, on May 20, 2015, Lloyd Johnson filed a Third Amended Complaint in the underlying action, which eliminated all previous causes of action and alleged five new causes of action. That Third Amended

Hodges Law Group
1226 Chester Avenue
Bakersfield, CA 93301
(661) 374-4046

Complaint was signed by Matthew Mong, Esq. of Christman, Kelley & Clarke, PC, counsel of record for Plaintiff in the underlying action.

16. In response to that Third Amended Complaint, ASSI filed a demurrer, which was sustained without leave to amend as to all causes of action except Breach of Oral Contract. Thus, the Breach of Oral Contract cause of action was all that remained.

17. Based on deficiencies in the Underlying Action's Third Amended Complaint, on or about November 5, 2015, ASSI filed a Motion for Summary Judgment. This Motion was heard on or about January 29, 2015.

18. Additionally, beyond the filing of the above referenced Summary Judgment Motion, ASSI provided notice of the defective factual and legal foundation of the Third Amended Complaint to Defendants by letter dated December 9, 2015, which attached a copy of ASSI's Code of Civil Procedure 128.7 Motion and advised that the 128.7 Motion would be filed with the Court if Mr. Mong failed to withdraw the Third Amended Complaint within 21 days, or by November 30, 2015. Because the Third Amended Complaint was not withdrawn, ASSI filed the 128.7 Motion, which was heard and taken under submission on or about February 2, 2016.

19. While the Court has ASSI's 128.7 Motion under submission, on or about April 13, 2016, the Court granted ASSI's Motion for Summary Judgment on the Underlying Action.

20. Thereafter, after a lengthy appeal process wherein Lloyd Johnson failed to file his opening brief, on or about August 22, 2017, the Fifth Appellate District dismissed the appeal and a remittitur was entered on August 22, 2017.

## FIRST CAUSE OF ACTION

## MALICIOUS PROSECUTION

### (Against All Defendants)

21. ASSI incorporates the allegations of paragraphs 1 through 20 as if set forth in full herein.

Hodges Law Group
1226 Chester Avenue
Bakersfield, CA 93301
(661) 374-4046

22. On or about July 15, 2011, MICHAEL JOHNSON, as assignee of LLOYD JOHNSON, commenced an action against ASSI, and Gene and Michelle Moseley in the Kern County Superior Court entitled *Johnson v. Moseley, et al.*, case number S-1500-CV-274678 (the "Action"). In the Action, Defendant asserted that ASSI owed $85,000 to Defendant based on the Santa Barbara litigation's Settlement Agreement. LLOYD JOHNSON, CKC, DUGAN KELLEY, and MATTHEW CLARKE, continued prosecution of the Underlying Action.

23. The Action was pursued to a legal termination in favor of ASSI and against LLOYD JOHNSON, in that LLOYD JOHNSON voluntarily withdrew multiple causes of action as against ASSI, demurrers were sustained without leave to amend, and based on ASSI's Motion for Summary Judgment, Judgment was entered against Lloyd Johnson and in favor of ASSI on June 29, 2017. Lloyd Johnson appealed from the Judgment. The Court of Appeal, however, dismissed the appeal after Lloyd Johnson failed to file an Opening Brief and remittitur was filed on August 22, 2017.

24. The Action was commenced by Lloyd Johnson without probable cause and with malice, and was continued to be prosecuted without probable cause and with malice. It was based upon factual allegations that lacked admissible evidentiary support and legal contentions that were facially devoid of any merit. Specifically, the doctrine of mediation confidentiality precluded any evidence of the parties communications at mediation. Consequently, any evidence of communication, or oral agreements reached at the mediation, or communications that might reveal the parties intent with relation to the Settlement Agreement, would be inadmissible.

25. Because there could be no admissible evidence to prove LLOYD JOHNSON's and/or MICHAEL JOHNSON'S claims in the Underlying Action, no reasonable person in defendant's circumstances would have believed that there were reasonable grounds to bring the Underlying Action, or to continue with its prosecution. During the course of the Underlying Action, LLOYD JOHNSON churned through at least four law firms.

26. Defendants' malicious prosecution of the Action has caused damages to ASSI. Among other things, ASSI was required to hire an attorney and expend significant costs including,

Hodges Law Group
1226 Chester Avenue
Bakersfield, CA 93301
(661) 374-4046

but not limited to, filing fees, court reporter fees, expert witness fees, and travel costs, to defend the claims against it.

27. Upon information and belief, the amount of the out-of-pocket damages caused by the malicious prosecution of the Action exceeds the jurisdictional limits of this Court, according to proof at trial. Moreover, ASSI suffered harm to its reputation, according to proof at trial.

28. ASSI also is entitled to an award of punitive damages against Defendants, according to proof at trial, because Defendants prosecution of the Action was, as alleged above, oppressive and malicious. The amount of the award against Defendants should be sufficient in size to punish Defendants and deter others from engaging in similar misbehavior.

WHEREFORE, ASSI prays for judgment against Defendants, and each of them, as follows:

1. General damages in an amount to be established at the time of trial.
2. Special damages in an amount to be established at the time of trial.
3. For exemplary and punitive damages in an amount to set an example of defendants.
4. For cost of suit incurred in this action; and
5. For any further relief as the court deems just and proper.

Date: April 6, 2018

HODGES LAW GROUP

By: _____
Nathan M. Hodges, Esq.
Attorney for American Safety Services, Inc.

Hodges Law Group
1226 Chester Avenue
Bakersfield, CA 93301
(661) 374-4046

**PROOF OF SERVICE**

STATE OF CALIFORNIA COUNTY OF KERN

I am employed in the county of Kern, State of California. I am over the age of 18 and not a party to the within action; my business address is: 1226 Chester Avenue., Bakersfield, CA 93301.

On **April 11, 2018,** I served the foregoing documents described as: **FIRST AMENDED COMPLAINT FOR 1. MALICIOUS PROSECUTION** on the interested parties in this action by placing a true copy thereof enclosed in sealed envelopes and/or packages addressed as follows:

| | |
|---|---|
| Michael Johnson<br>623 Front Street #5206<br>Kissimmee, FL 34747<br>fablads@aol.com | Personal Representative for the Estate of Lloyd Johnson |
| Arnold J. Anchordoquy<br>Stephen T. Clifford<br>Dennis P. Gallagher<br>Clifford & Brown, PC<br>1430 Truxtun Avenue, Suite 900<br>Bakersfield, CA 93301 | Attorneys for Christman Kelley & Clarke, PC, Dugan P. Kelley, and Matthew M. Clarke |

__X__   BY MAIL:  I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would deposited with U.S. Postal Service on that same day with postage thereon fully prepaid at Bakersfield, California in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than 1 day after date of deposit for mailing in affidavit.

| | |
|---|---|
| Michael Johnson<br>fablads@aol.com | Personal Representative for the Estate of Lloyd Johnson |

__X__   BY E-MAIL:  I caused the foregoing document to be served by e-mail to the email address last given by the person so served and listed above.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on April 11, 2018, at Bakersfield, California.

_____
Nathan Hodges